IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AMERICAN CIVIL RIGHTS UNION, § | | |
| in its individual and corporate capacities § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No. 7:16-cv-00103 | |
| § | | |
| ELECTION ADMINISTRATOR § | | |
| RAFAEL R. MONTALVO, § | | |
| in his official capacity, § | | |
| *Defendant*. § | | |

## DEFENDANT RAFAEL R. MONTALVO'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Starr County Elections Administrator Rafael R. Montalvo, (hereinafter "Defendant" or "Defendant Montalvo") files this motion to dismiss for lack of subject-matter jurisdiction and motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. Defendant offers the following:

### I.     Background

1.     Plaintiff American Civil Rights Union (hereinafter "Plaintiff") filed their Original Complaint on March 4, 2016.  Plaintiff filed this lawsuit against Defendant Rafael R. Montalvo, in his official capacity as Starr County Elections Administrator.  Plaintiff's Complaint seeks injunctive and declaratory relief for alleged violations of the National Voter Registration Act ("NRVA"), 52 U.S.C. §§ 20501 -- 20511.

## II. Argument & Authorities

2. Plaintiff's Complaint alleges that Defendant Montalvo violated section 20507 of the NRVA, 52 U.S.C. § 20507. See Plaintiff's Complaint (Doc. 1) at pgs. 9-10. Additionally, Plaintiff's Complaint alleges that Defendant Montalvo violated section 21083 of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21083. See id. at ¶¶ 14, 31-32. However, Plaintiff does not seek relief under HAVA or assert that HAAVA provides a basis for the Court's jurisdiction. Cf. id. at ¶ 3. Neither NVRA nor HAVA provide Plaintiff with a private right of action against Defendant Montalvo. Further, neither of these statutes provide the District Court with subject-matter jurisdiction over the Plaintiff's claims. Therefore, Defendant Montalvo respectfully requests that the Court dismiss this lawsuit with prejudice.

### A. National Voter Registration Act

3. Section 50507 of the NVRA governs the administration of voter registration for elections for Federal offices. See id. § 20507. It sets forth provisions applicable to the "State," which is defined to mean a State of the United States and the District of Columbia. Id. §§ 20507(a), 20502(4). The Fifth Circuit has considered this provision of the NVRA and determined that the Act "centralizes responsibility in the state and in the chief elections officer, who is the state's stand-in". Scott v. Schedler, 771 F.3d 831, 839 (5th Cir. 2014) ("…the NVRA speaks in terms of the responsibilities of "each state." … This choice of words reflects a policy choice that responsibility should be centralized rather than fragmented.") (citing Harkless v. Brunner, 545 F.3d 445, 452 (6th Cir.2008), at 452 ("[T]he entire Act ... speaks in terms of state responsibilities; what is noticeably missing is any mention of county, municipal, or other local authorities.")).

4. Section 20507(a)(4) prescribes that each State shall "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of-- (A) the death of the registrant; or (B) a change in the residence of the registrant, <u>in accordance with subsections (b), (c), and (d)</u>." Id. § 20507(a)(4) (emphasis added).

5. Subsection 20507(b) generally provides that registered voters retain eligibility to vote in a federal election, unless they have failed to respond to a notice seeking to confirm eligible residency and have not voted in two consecutive general elections for federal office. See id. § 20507(b)(2)

6. Subsection 20507(c) includes provisions governing the types of state programs that may be implemented to remove the names of ineligible voters from the official lists of eligible voters. Particularly, paragraph 2 of subsection 20507(c) contains what is known as the "90 Day Provision." It generally prescribes that a State shall not conduct any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters later than 90 days prior to the date of a primary or general election for Federal office. <u>Id</u>. § 20507(2)(A); <u>see also</u> <u>Arcia v. Florida Sec'y of State</u>, 772 F.3d 1335, 1345 (11th Cir. 2014) (holding that Florida program to systematically remove suspected non-citizens from the voter rolls within 90 days of a federal election violated the 90 Day Provision). Subparagraph 2(B) creates an exception to the 90 Day Provision, which allows states to conduct the following types of removals during the final 90 days before a federal election: (1) at the request of the registrant; (2) as provided by State law, by reason of criminal conviction or mental incapacity; and (3) upon death of the registrant. <u>Id</u>. § 20507(2)(B)(i). Subparagraph 2(B) also authorizes a

State to engage in the correction of registration records pursuant to the NVRA during the final 90 days before a federal election. Id. § 20507(2)(A)(ii).

7. Subsection 20507(d) concerns the removal of names from voting rolls on the basis that the registrant has changed his or her residence. Id. § 20507(d). Like Subsection 20507(b), it generally provides that registered voters shall not be removed from a voting roll for a federal election unless they have either confirmed their changed residence or failed to respond to a notice seeking to confirm eligible residency and have not voted in two consecutive general elections for federal office. Id. § 20507(b)(2), (d)(2). Subparagraph (d)(2) prescribes the type of notice that shall be used for this purpose. Id. § 20507(d)(2). Further, subparagraph (d)(3) provides that "a voting registrar shall correct an official list of eligible voters in elections for Federal office in accordance with change of residence information obtained in conformance with this subsection." Id. § 20507(d)(3).

8. Subsection 20507(i) concerns the public disclosure of voter registration administration activities. It provides as follows:

> **(1)** <u>Each State shall maintain</u> for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.
>
> **(2)** The records maintained pursuant to paragraph (1) shall include lists of the names and addresses of all persons to whom notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made.

Id. § 20507(i) (emphasis added)

9. As explained above, the NVRA centralizes responsibility in the state and in the chief elections officer, who is the state's stand-in. *Scott v. Schedler*, 771 F.3d at 839. Accordingly, section 20509 prescribes that each State shall designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under [the NVRA]. Id. § 20509. The State of Texas has designated the Secretary of State of the State of Texas ("Secretary") as the chief election officer of the State. Tex. Elec. Code § 31.001(a). The Secretary is required to maintain uniformity in the application, operation, and interpretation of the Texas Election Code and of Federal election laws. Id. § 33.003. In performing this duty, the Secretary must prepare detailed and comprehensive written directives and instructions relating to and based on election laws, and distribute these materials to the appropriate state and local authorities having duties in the administration of these laws. Id. Additionally, the Secretary is required to advise and assist local officials with regard to the application, operation, and interpretation of the election laws. Id. § 31.004. Further, the Secretary has authority to adopt regulations concerning the implementation of the NVRA. See id. § 31.007; 1 Tex. Admin. Code § 81.402. Moreover, the Secretary has general authority to take appropriate action to protect the voting rights of the citizens. Id. § 31.005. This includes the authority to order a person performing official functions in the administration of any part of the electoral processes to correct the offending conduct, and to seek enforcement of such order through a temporary restraining order or a writ of injunction or mandamus. Therefore, the Secretary of State is this State's chief election official designated by the State to be responsible for the coordination of the State's responsibilities under the NVRA.

10. Section 20510 of the NVRA governs the civil enforcement of that statute. It provides in pertinent part:

> **(a) Attorney General**
> The Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out this chapter.
>
> **(b) Private right of action**
> **(1)** A person who is aggrieved by <u>a violation of this chapter</u> may <u>provide written notice</u> of the violation <u>to the chief election official of the State</u> involved.
>
> **(2)** <u>If the violation is not corrected</u> within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, <u>the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation</u>.
>
> **(3)** If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2).
>
> 52 U.S.C. § 20510 (emphasis added).

11. The notice requirement for a private right of action in subsection 20510(b) is mandatory. Scott v. Schedler, 771 F.3d at 835. No standing is conferred if no proper notice is given. Id. (citing Ga. State Conference of NAACP v. Kemp, 841 F.Supp.2d 1320, 1335 (N.D.Ga.2012)).

12. The purpose of the notice requirement is to give the state the opportunity to remedy NVRA violations. Scott v. Schedler, 771 F.3d at 839. As explained above, the NVRA imposes obligations on the State of Texas, not local officials, and requires the designation of a chief State election official to be responsible for coordination of the State's responsibilities under that Act. Those provisions coupled with the provisions in Section 20510 requiring notice to the State's chief election official establish that the State of Texas and/or the Secretary are the only parties that may be subject to a civil enforcement action. Accordingly, private causes of action

for alleged NVRA violations must be brought against the State and/or its chief election official. See Scott v. Schedler, 771 F.3d at 839 (holding that Louisiana's Secretary of State, who was chief election official with authority to enforce the NVRA with respect to state agencies, and was thus properly subject to suit alleging state agencies violated NVRA); Voting for Am., Inc. v. Steen, 732 F.3d 382, 385 (5th Cir. 2013) (suit against Texas Secretary of State John Steen for alleged NVRA violations); Arcia v. Florida Sec'y of State, 772 F.3d 1335, (suit against Florida Secretary of State); Harkless v. Brunner, 545 F.3d 445, 453 (6th Cir. 2008) (holding that Secretary of State was proper party to sue for Ohio's alleged violations of the NVRA, in light of Ohio designating the Secretary as its chief election officer, and the plain language of the NVRA). Accordingly, a person may only bring a private cause of action alleging NVRA violations concerning an election in Texas for a federal office against the State and/or the Texas Secretary of State. Consequently, in order to have standing for such a claim, a person must provide the Secretary with pre-suit notice pursuant to section 20510 of the NVRA.

13. The NVRA is discrete from the Help America Vote Act (HAVA). See 52 U.S.C §§ 20501 -- 20511 (NVRA); cf. id. §§ 20901 – 21145 (HAVA). The NVRA does not incorporate any violations of HAVA and does not authorize a private right of action for an alleged violation of HAVA. See id. § 20510. Moreover, HAVA by its terms does not create a private right of action. Rather, that statute provides two mechanisms for remedying grievances: (1) a civil action brought by the Attorney General; and (2) in states receiving funds under HAVA, "[e]stablishment of State-based administrative complaint procedures," Id. §§ 21111, 21112(a). States that do not receive HAVA funds must either certify that they have a comparable administrative scheme or submit a detailed compliance plan showing "the steps the State will take to ensure that it meets the [statute's] requirements." Id. § 21112(b)(1)(B). The code sections

containing these two procedures constitute a separate subchapter of HAVA titled "Enforcement." See id. §§ 21111, 21112.

14. Section 21083 of HAVA generally provides that, "each State, acting through the chief State election official, shall implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level that contains the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State. " Id. § 21083(a)(1)(A) (emphasis added). Subsection 21083(a)(2) includes provisions regarding the maintenance of the computerized statewide list. Particularly, it provides that, "[i]n general…The appropriate State or local election official shall perform list maintenance with respect to the computerized list on a regular basis." Id. § 21083(a)(2)(A) (emphasis added). For purposes of removing the names of ineligible voters from the computerized list, section 21083 prescribes that the "State shall coordinate the computerized list with State Agency records" on felony status and deaths. Id. § 21083(a)(2)(A)(ii) (emphasis added). Subsection 21083(a)(2) generally provides that the removal of individuals from a state's computerized statewide voter registration list shall be done so in compliance with the NVRA (e.g., voters shall not be removed from a voting roll for a federal election unless they have either confirmed their changed residence or failed to respond to a notice seeking to confirm eligible residency and have not voted in two consecutive general elections for federal office). See id. §§ 20507(d), 21083(a)(2), (a)(4)(A). Nevertheless, subsection 21083(a) of HAVA may not be construed to have any effect on the NVRA. See id. § 21145. Therefore, an alleged violation of section 21083(a) of HAVA does not create, or provide any grounds for, a private right of action under NVRA.

**B.     Plaintiffs Complaint Should be Dismissed**

15.     Plaintiff's lawsuit should be dismissed because: (i) Plaintiff has not alleged a cognizable claim over which the Court has subject-matter jurisdiction; (ii) Plaintiff failed to state a claim upon which relief can be granted; and (iii) Plaintiff lacks standing.

16.     Plaintiff's Complaint seeks injunctive and declaratory relief under the NVRA and asserts that this Court has jurisdiction pursuant to section 20510(b) of that Act and 28 U.S.C. § 1331. See Complaint (Doc. 1) at ¶ 2. Plaintiff seeks no relief under the Constitution or any other federal law authorizing a civil action. Accordingly, Plaintiff only claims jurisdiction under the NVRA. See id. However, Plaintiff has not alleged a cognizable claim over which the Court has subject-matter jurisdiction and has failed to state a claim upon which relief can be granted, because Plaintiff has no private right of action under the NVRA against the Defendant. As explained above, private actions for alleged NVRA violations must be brought against the State and/or its chief election official. See e.g., Scott v. Schedler, 771 F.3d at 839. Nevertheless, Plaintiff's lawsuit was not brought against the State of Texas or its Secretary. Rather, Plaintiff sued the Starr County Elections Administrator, who it also identified as the Starr County registrar of votes. See Plaintiff's Complaint (Doc. 1) at ¶ 12. Because the NVRA does not authorize a private right of action against county officials, Plaintiff's lawsuit fails to invoke the Court's subject-matter jurisdiction under that statute and also fails state a claim from which relief may be granted. As explained above, Plaintiff's allegation that Defendant violated section 21083(a) of HAVA likewise fails to provide the Court with subject matter jurisdiction or any basis to state a claim for relief which can be granted. The NVRA does not authorize a private cause of action for an alleged HAVA violation. Further, HAVA does not create a private right of action. Moreover, the U.S. Supreme Court has vacated a temporary restraining order directing

Ohio's Secretary of State to update the state's voter registration database, having concluded that the plaintiffs were not sufficiently likely to prove that HAVA section 303 (now section 21083) gave them a private right of action. Brunner v. Ohio Republican Party, 555 U.S. 5, 5-6 (2008). Therefore, Plaintiff's lawsuit should be dismissed pursuant to Fed. R. Civ. P 12(b)(1) and (6).

      17.    Plaintiff's lawsuit should also be dismissed because Plaintiff failed to comply with the pre-suit notice requirements of section 20510(b). Plaintiff's initiated this lawsuit without any notice being provided to the Texas Secretary of State. Particularly, Plaintiff's Complaint alleges that Plaintiff sent a letter dated December 23, 2015, to Defendant Montalvo notifying him that Starr County was in "apparent violation of Section 8 of the [NVRA]". Id. at ¶ 22. Further, Plaintiff's Complaint alleges that the aforementioned letter notified Defendant Montalvo that "a lawsuit may be brought against [Starr County] to assure compliance with the requirement of federal motor registration laws." Id at ¶ 25; see also Doc. 1-1 at pg. 2. Assuming these allegations are true, Plaintiff's Complaint negates that any pre-suit notice was provided to the chief election official of the State. Consequently, Plaintiff failed to comply with the mandatory pre-suit notice requirement in subsection 20510(b), and thus has no standing to pursue this lawsuit. See Scott v. Schedler, 771 F.3d at 835. Because the question of standing implicates the court's subject matter jurisdiction, that is, the courts' statutory or constitutional power to adjudicate a claim or dispute, courts apply the standards for a motion to dismiss pursuant to Rule 12(b)(1). See id; Villas at Parkside Partners v. City of Farmers Branch, 245 F.R.D. 551, 556 (N.D. Tex. 2007) (citing Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 89 (1998)). Therefore, Plaintiff's lawsuit should be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1).

### III. Conclusion

18. Plaintiff's lawsuit should be dismissed because: (i) Plaintiff has not alleged a cognizable claim over which the Court has subject-matter jurisdiction; (ii) Plaintiff failed to state a claim upon which relief can be granted; and (iii) Plaintiff lacks standing. Plaintiff has no private right of action, and the Court has no subject-matter jurisdiction against Defendant Montalvo for any alleged violations of the NVRA or HAVA. Further, Plaintiff failed to comply with the NVRA's pre-suit notice requirement, and thus has no standing. Therefore, Plaintiff's lawsuit should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

### IV. Prayer

19. For these reasons, Defendant requests that the Court grant this motion to dismiss for lack of subject-matter jurisdiction and motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and deny all relief requested by the Plaintiff.

Respectfully submitted,

/s/ James P. Allison
James P. Allison
SBN: 01090000
Southern District Bar No.: 14665
j.allison@allison-bass.com
*Attorney in Charge*

J. Eric Magee
SBN: 24007585
Southern District Bar No.: 33971
e.magee@allison-bass.com

Phillip Ledbetter
SBN 24041316
Southern District Bar No.: 1401529
p.ledbetter@allison-bass.com

ALLISON, BASS & MAGEE, L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas  78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via certified mail, return receipt requested and filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this 6th day of April 2016:

| | |
|---|---|
| Eric Wiesehan<br>Wiesehan Law Firm, PLLC<br>P.O. Box 72093<br>McAllen, Texas 78504<br>Tel: (956) 207-2795<br>Fax: (866) 311-5445<br>wiesehanlaw@gmail.com | *cmrrr:* <u>7015 3010 0000 0779 8299</u> |
| H. Christopher Coates<br>Law Office of H. Christopher Coates<br>934 Compass Point<br>Charleston, South Carolina 29412<br>Tel: (843) 609-7080<br>curriecoates@gmail.com | *cmrrr:* <u>7015 3010 0000 0779 8305</u> |
| J. Christian Adams<br>Kaylan L. Phillips<br>Public Interest Legal Foundation<br>209 W. Main Street<br>Plainfield, Indiana 46168<br>Tel: (317) 203-5599<br>Fax: (888) 815-5641<br>adams@publicinterestlegal.org<br>kphillips@publicinterestlegal.org | *cmrrr:* <u>7015 3010 0000 0779 8312</u> |

*Attorneys for Plaintiff*

                                          /s/ James P. Allison<br>
                                          James P. Allison