# EXHIBIT D

**Election Outlook:** <u>Early voting</u> for the May 24, 2016 Primary Runoff Election runs Monday, May 16 – Friday, May 20
   |   <u>What's on the Ballot</u>   |   <u>Voter information</u>   |   <u>Find my polling place</u>   |   Don´t have a photo ID for voting? <u>Election Identification Certificates</u> are available from <u>DPS offices</u>.

Note - Navigational menus along with other non-content related elements have been removed for your convenience. Thank you for visiting us online.

# Voter Registration

Under Section 13.001 of the Texas Election Code[1], to be eligible to register to vote[2] in Texas, a person must:

1. Be 18 years or older on election day,
2. Be a United States citizen,
3. Be a resident of the county where the application is submitted,
4. Not be finally convicted of a felony or, if so, have completed the terms of the jail sentence, probation or parole, and
5. Have not been declared by a court exercising probate jurisdiction to be either totally mentally incapacitated or partially mentally incapacitated without the right to vote.

To register to vote, Section 13.002 requires that a person submit an application either in person or by mail to the county voter registrar in the county in which the voter resides. The application must be in writing and signed by the applicant[3].

Once a voter registrar receives an application, the voter registrar will review it to determine whether it is properly completed and whether the person is eligible for registration under the law[4]. The registrar has seven days to determine whether to reject or accept an application[5]. If the application is rejected, the registrar has to notify the applicant in writing within two days of the reason for rejection[6]. If the application is accepted, the voter registrar prepares a voter registration certificate for the voter that contains the applicant's county election precinct number and registration number[7]. The registration becomes effective on the 30th day after the date the application is submitted to the registrar or the date the applicant turns 18 years old, whichever is later[8]. Under Section 13.144, the voter registrar is then required to mail or deliver the voter's registration certificate to the voter at the mailing address on the applicant's registration application no later than 30 days after the registrar receives the application[9].

The Secretary of State, as set out in Section 18.061, is required to implement and maintain a statewide, computerized voter registration list that serves as the single system for storing and managing the official list of registered voters in the state. The list must contain the name and registration information of each voter registered in the state, assign a unique identifier to each registered voter, and be available to any election official in the state through immediate electronic access[10].

Under State law, each voter registrar is required to provide the Secretary of State with an updated

list of registered voters in their county[11]. This is how the statewide list was created, and how it is maintained. And once registered, a voter remains a registered voter on this list until a qualifying event occurs that causes removal from the list.

To maintain the integrity of the state's voter registration records, State law requires both the Secretary of State and the local voter registrar to regularly review the voter registration lists and compare them with information received from other government agencies to ensure that the state is maintaining an accurate list[12]. Voter registrars work to verify the accuracy of the lists on a regular basis.

Under State law, when the Secretary of State or the local voter registrar receives the following items, they are required to cancel a voter's registration:[13]

1. Notice that the voter resides in a county outside the county they are registered in[14].
2. Notice that a voter is deceased[15].
3. An abstract of final judgment regarding the voter's mental incapacity to vote.
4. An abstract of final judgment regarding a voter's felony conviction.
5. Notice that a voter is not a citizen of the United States[16].

To ensure that properly registered voters are not removed from registration lists, the State of Texas has come up with a process to verify whether or not a registered voter is eligible to vote. In addition, State law also provides a process for local voter registrars to investigate and verify a voter's eligibility when the voter registrar is given information that would call that voter's eligibility into question[17].

## Strong Matches v. Weak Matches

In determining which action is appropriate to take, the Secretary of State's office established criteria used when confirming whether or not it is appropriate to cancel a registration, or when a county must further investigate an issue. Based on the data received, the reviewing authority will determine whether or not a "strong" match or a "weak" match occurs with a current voter registration record. When a strong match occurs, the voter's registration is automatically canceled. A weak match will result in the voter registrar investigating the voter's eligibility by sending out a "Notice of Examination" or, in the case of a match based on deceased records, a "Verification of Voter Status."[18] "Strong match" and "weak match" criteria are described below:

**See Cancelation of Deceased Voter Registration**

**See Cancelation due to Felony Conviction**

Collapse All | Expand All

## 1. Cancelation due to residing outside of county of original application

When a voter moves outside of the county in which he or she originally registered to vote, the voter registrar automatically cancels the voter's registration in accordance with Section 16.031(a)(1). There are three circumstances that call for cancelation under these circumstances

1. After a voter moves to a new county and fills out a registration application to change the voter's registration, the voter registrar will give written notice to the voter's previous county of the voter's change in address. In the notification, the registrar will include the voter's name,

former residence address, and, if known, former registration number[19].
2. The voter notifies the voter registrar that there has been a change in information relating to the voter's residency in that county[20]. This notification can be made by sending in a registration certificate or registration application with the correct information[21].
3. A voter's response to a confirmation notice indicating the voter is no longer living within the county he or she is registered in[22].

## 2. Cancelation of Deceased Voter Registration

There are four ways deceased records are obtained in order to compare these records to the lists of registered voters.

1. Each month, as required by Section 16.001, the clerk charged with maintaining deceased records prepares an abstract of each of death certificate that has been issued that month for deceased individuals that are 18 years of age or older and a resident of the state of Texas. The local registrar of death then files these abstracts with (1) the voter registrar of each of the deceased individual's county of residence and (2) the Secretary of State.
2. The clerks for all of the courts that have probate jurisdiction must prepare an abstract of death for each application for probate of a will, administration of a decedent's estate, determination of heirship proceedings, and affidavits under Chapter 137 of the Probate Code and file these abstracts with (1) the voter registrar of each of the deceased individual's county of residence and (2) the Secretary of State.
3. In addition, under Section 16.001, the Bureau of Vital Statistics is required to provide to the Secretary of State all information it has relating to deceased residents of the State of Texas. The Election Code also requires the Secretary of State to obtain information on deceased residents from the Social Security Administration. Under Section 18.068, the Secretary of State is required to compare the information they receive from the Bureau of Vital Statistics and the Social Security Administration, to the statewide voter registration list. After comparing the data from these different sources, the Secretary of State may be able to determine that an individual on the statewide registration list is deceased.
4. A voter registrar may have personal knowledge that a voter is deceased or may receive notice in the form of a sworn statement from a person related within the second degree of consanguinity or affinity that an individual is deceased[23].

The voter registrar will also compare the information received from these sources to see whether or not there are any matching voting registration records. Upon making a determination that there is a match, one of two actions can occur: (1) The voter's registration will be canceled, if a strong match occurs, in accordance with State law[24] or, (2) the voter registrar will mail out a verification letter to the voter to further investigative the issue[25] as in the case of a weak match.

### Strong Match

A strong match occurs when two voter records have: (1) the same last name, (2) same date of birth, and (3) all nine numbers in the person's social security number match. When this occurs, the voter's registration is canceled in accordance with Section 16.031(b)(4).

### Weak Match

A weak match occurs when two voter records have either: (1) the same nine numbers in the person's social security number and the same date of birth, or (2) the last four numbers in the social

security number match and the same date of birth. In a weak match, there does not have to be a match on a voter's name. When this occurs, the voter registrar is required by State law to mail out, by forwardable mail, a verification letter to the voter[26].

The verification letter informs the voter of the potential match and asks the voter to respond to the verification request within 30 days to prevent cancelation of his registration[27]. The verification letter must also be mailed to the mailing address on the voter's registration application and to any new address of the voter that the registrar knows of[28]. If the voter does not respond within 30 days, the voter registrar is then required under Section 16.033(d) to cancel the voter's registration.

### 3. Cancelation due to Mental Incapacity

The courts that have jurisdiction to adjudicate a person's mental capacity, prepare an abstract of final judgment for individuals[29]:

1. 18 years or older, residents of the state of Texas and are determined to be totally mentally incapacitated or partially mentally incapacitated;
2. 18 years or older, residents of the state of Texas, whose mental capacity is completely restored; or
3. Modifying the guardianship of a person 18 years of age or older to include the right to vote.

The court clerk files each abstract with the voter registrar of each individual's county of residence by the 10th day of the month after the abstract was prepared[30]. Upon receiving information determining an individual is incapacitated, the voter registrar sends out a "Notice of Examination" in accordance with Section 16.033. The voter has 30 days from the date the Notice is mailed out to respond to the Notice, or the registrar will cancel the voter's registration[31]. Upon receiving notification that the person's mental capacity is restored or the guardianship has been modified to include the right to vote, then the voter registrar would be able to process any application submitted by the individual.

### 4. Cancelation due to Felony Conviction

A person who is finally convicted of a felony is not eligible to register to vote. However, under Section 11.002, once a felon has successfully completed his or her punishment, including any term of incarceration, parole, supervision, period of probation, or has been pardoned, then that person is immediately eligible to register to vote. A person may continue to vote pending an appeal of his conviction, provided he meets the other eligibility requirements. Section 13.001(c) notes that "a person is not considered to have been finally convicted of an offense for which the criminal proceedings are deferred without an adjudication of guilt." For more information on the effects of a felony conviction on the registration process, please refer to our Effect of Felony Conviction on Voter Registration memo.

Pursuant to Section 16.003, on a weekly basis, the Department of Public Safety (DPS) is required to prepare and deliver to the Secretary of State, an abstract of final judgment for individuals, aged 18 and older that were convicted of a felony. The Secretary of State will compare this list to the statewide voter registration list to determine whether or not there are any matches. All matches under this category are considered "weak" matches and are referred to the appropriate county for the local voter registrar to further investigate.

**Weak Match**

The criteria used in these matches are as follows:

1. Last/Former Name, First Name, Texas Drivers License Number
2. Last/Former Name, First Name, Social Security Number (9 digits)
3. Last/Former Name, First Name, Social Security Number (4 digits)
4. Texas Drivers License Number, Date of Birth

When the local voter registrar receives a list of these "weak" matches, they are required to mail out a "Notice of Examination" in accordance with Section 16.033. The voter has 30 days from the date the Notice is mailed out to respond to the Notice, or the registrar will cancel the voter's registration.

If the voter was incorrectly matched as having a felony conviction, responding to the Notice in a timely fashion and providing the appropriate information is sufficient for preventing cancelation of a person's voter registration. However, please be advised this does not clear any errors in the Department of Public Safety's records. If a person has been incorrectly identified as a felon, please refer to Criminal History Error Resolution for more information on how to clear errors on DPS records.

## 5. Cancelation due to Citizenship

Under Section 62.113 of the Government Code, the court clerks, who maintain the jury wheel for each county, are required to send both the voter registrar of their county and the Secretary of State a list of each person that was excused or disqualified from jury service because that person is not a citizen of the United States. They must do so by the third business day of the month.

Once the registrar receives the list of individuals disqualified from jury duty due to citizenship status, State law requires the registrar to deliver to each registered voter on the list, a written notice requiring the voter to submit proof of United States Citizenship in the form of one of the following: (1) certified copy of the voter's birth certificate, (2) United States passport, or (3) citizenship papers[32].

The notice must be mailed to the mailing address on the voter's registration application and to any new address of the voter that the registrar knows of[33]. The voter has 30 days from the date the notice is mailed out to respond to the notice, or the registrar will cancel the voter's registration[34]. If the voter responds with the appropriate documentation, the voter registrar must also keep a copy of the proof of citizenship the voter supplied on file with the voter's original registration application[35]. If the voter does not respond, or the voter does not provide the appropriate documentation to establish citizenship, the voter's registration is canceled as required by State law[36].

## Cancelation due to Residency Issues

Pursuant to Section 15.051(b), if an initial voter registration certificate delivered to the applicant by mail is returned to the registrar as undeliverable, the voter registrar will mail the voter a "Notice to Confirm Voter Registration Address." This confirmation request will include an official response form for the voter to respond with[37]. It must be pre-addressed for delivery to the registrar and have the postage pre-paid[38]. Unlike voter registration certificates which are not forwardable, Section 15.051(c) requires the confirmation notice be forwarded to the voter's last known address. The voter has 30 days from the date the notice is mailed out to respond[39].

The voter's response must be in writing, signed and must contain all of the information that a person includes on a regular application[40] to register to vote[41]. The voter should use the form provided. If, however, the original form is no longer available, then as long as the voter responds in writing and

the response contains the required information, then the voter registrar will accept it[42]. Once the response is received, the voter registrar reviews the response in the same manner as any other regular registration application and acts on it accordingly[43]. After the voter registrar makes a determination on the voter's registration status, the voter registrar is required to keep the voter's response on file with the voter's original application[44].

If the voter fails to respond to this notice, the voter registrar is required under Section 13.146 to enter the voter's name on the suspense list.

## The Suspense List

The suspense list, as detailed in Section 15.081, is a list maintained by the voter registrar of each county that contains the names of (1) voters that failed to respond to the confirmation notice[45], (2) voters whose renewal certificate was returned to the registrar as undeliverable[46], and (3) those individuals that were excused or disqualified from jury service because they were not a resident of that county[47], state on the juror summons notice that the individual no longer resides in the county, or whose jury summons were returned to the district clerk as undeliverable.

An individual on the suspense list is still a registered voter and has the same rights as a non-suspense list voter. If a suspense list voter lives in the same residence, shows up at the same precinct location, shows proof of identification and fills out a statement of residence[48], then the individual will be able to vote, and the voter's name will be removed from the suspense list. If the voter has moved to a different residence located in the same county, the voter will also fill out a Statement of Residence and be permitted to vote, provided the voter is living in the political subdivision or territory covered by that election[49]. The Statement of Residence will be used to update the voter's registration and remove the voter's name from the suspense list. If the suspense list voter has moved outside of the county, the voter will be given the option to vote provisionally in accordance with Section 63.011.

If a voter's name is still on the Suspense list on November 30th following the second general election for state and county officers that occurs after the date the voter's name is entered on the suspense list, then the voter registrar is required by State law to cancel the voter's registration[50].

## When Cancelation Occurs

### Cancelation is effective immediately[51].

Under 16.035, when a voter's registration is canceled, it is effective immediately. When the registrar cancels a voter's registration, the voter registrar must enter the date of cancelation and the reason for cancelation on the registration application and duplicate registration certificate as well as make any other necessary corrections in the registration records[52].

Section 16.036 requires a voter registrar to send written notice within 30 days of cancelation to the voter informing him that his registration has been canceled. The notice must be mailed to the address on the registration application and any other known address of the voter. State law requires that the notice contain the date of cancelation, the reason for cancelation and an explanation of the voter's right to challenge the explanation and appeal the registrar's decision[53].

A voter can cancel his own registration by submitting to the registrar a signed, written, request for

cancelation[54]. Once a request is received, the registrar must cancel the voter's registration effective immediately[55].

## Challenge of Cancelation

A person whose voter registration is canceled should contact the local county voter registrar. If the voter registrar determines that the cancelation was made in error, the voter registrar has the ability to immediately reinstate the voter's registration status. If the voter registrar finds that the cancelation was made in accordance with the law, then the voter has the right challenge the cancelation at a hearing before the voter registrar[56]. To challenge a cancelation, a voter must file a written, signed request for a hearing with the registrar[57]. Upon filing a request for a hearing, the registrar will automatically reinstate the challenging voter's registration pending the outcome of the challenge[58].

Section 16.064 outlines the procedures for requesting a hearing. Once a request for a hearing is filed, the registrar must have a hearing within 10 days of the initial request, unless the person that requested the hearing asks for a later date. The registrar must provide notice to the voter of the date, time, and place for the hearing within two days of the request being filed[59]. The person requesting the hearing may either appear in person to offer his evidence or he may file an affidavit with the registrar before the hearing begins[60].

After hearing and reviewing the evidence or arguments offered by the challenger, the voter registrar must promptly issue a written decision in the case and deliver the decision to the voter[61]. If the registrar determines that the registration should not have been canceled, the registration that was reinstated when the voter initiated the challenge will remain[62]. If the registrar determines that the registration should be canceled, then the registrar must cancel the registration on the 31st day after the registrar's decision is issued[63]. A copy of the decision must be kept on file with the challenging voter's duplicate registration certificate[64].

## Reinstatement

If a voter registrar receives information after the date of cancelation that the voter's registration should not have been canceled, the registrar must reinstate it immediately[65].

If the registrar receives a statement of residence that was executed by a voter at an election before the date the voter's registration was required to be canceled, the registrar must reinstate the registration[66]. If it is discovered that the voter was canceled during the biennial suspense purge and the voter has voted in an election after being placed on the suspense rolls, then the voter registrar should reinstate the voter. In such cases, it is probable that no Statement of Residence was requested of the voter, which was why the voter's information was not previously updated.

Immediately upon reinstatement, the registrar must deliver written notice of reinstatement to the voter. The written notice must include the date of and reason for the reinstatement[67].

---

1. Unless otherwise specified, all references are to the Texas Election Code ("Code").
2. Tex. Elec. Code § 13.001
3. Tex. Elec. Code § 13.002
4. Tex. Elec. Code § 13.071
5. Tex. Elec. Code § 13.071

6. Tex. Elec. Code § 13.073
7. Tex. Elec. Code § 13.142
8. Tex. Elec. Code § 13.143
9. Tex. Elec. Code § 13.144
10. Tex. Elec. Code § 18.061(b)
11. Tex. Elec. Code § 18.061 (c)
12. Tex. Elec. Code §  18.068 AND §16.031
13. Tex. Elec. Code § 16.031 – list not exclusive – (other reasons include, registered in other state, submitted FPCA, disqualified through election contest)
14. Tex. Elec. Code § 15.021 AND Tex. Elec. Code. § 13.072(b).
15. Tex. Elec. Code § 16.001(a) and (b)
16. Tex. Elec. Code § 16.0332
17. Tex. Elec. Code  § 16.033
18. Tex. Elec. Code § 16.033
19. Tex. Elec. Code § 13.072 (b)
20. Tex. Elec. Code § 15.021
21. Tex. Elec. Code § 15.021 (b)
22. Tex. Elec. Code § 15.053
23. Tex. Elec. Code § 16.031 (b)(2) and (3)
24. Tex. Elec. Code § 16.031 (b)
25. Tex. Elec. Code § 16.033
26. Tex. Elec. Code § 16.033
27. Tex. Elec. Code § 16.033
28. Tex. Elec. Code § 16.033 (b)
29. Tex. Elec. Code § 16.002
30. Tex. Elec. Code § 16.002
31. Tex. Elec. Code § 16.033
32. Tex. Elec. Code § 16.0332
33. Tex. Elec. Code § 16.0332
34. Tex. Elec. Code § 16.0332
35. Tex. Elec. Code § 16.0332
36. Tex. Elec. Code § 16.0332 (b)
37. Tex. Elec. Code  § 15.051(b)
38. Tex. Elec. Code § 15.052
39. Tex. Elec. Code § 15.053
40. Tex. Elec. Code § 13.002
41. Tex. Elec. Code § 15.053
42. Tex. Elec. Code § 15.053
43. Tex. Elec. Code  § 13.072
44. Tex. Elec. Code § 15.053
45. Tex. Elec. Code  § 15.081(a)(1)
46. Tex. Elec. Code § 15.081 (a)(2)
47. Tex. Gov't Code § 62.114
48. Tex. Elec. Code § 63.0011
49. Tex. Elec. Code § 63.0011 (b)
50. Tex. Elec. Code § 16.032
51. Tex. Elec. Code § 16.035
52. Tex. Elec. Code § 16.034
53. Tex. Elec. Code § 16.036
54. Tex. Elec. Code § 16.0331
55. Tex. Elec. Code § 16.0331
56. Tex. Elec. Code § 16.061
57. Tex. Elec. Code § 16.062
58. Tex. Elec. Code § 16.063
59. Tex. Elec. Code § 16.065
60. Tex. Elec. Code § 16.064
61. Tex. Elec. Code § 16.066
62. Tex. Elec. Code § 16.066
63. Tex. Elec. Code § 16.066
64. Tex. Elec. Code § 16.066
65. Tex. Elec. Code § 16.037

66. Tex. Elec. Code § 16.037
67. Tex. Elec. Code § 16.038