# Exhibit B

# Defendant's Responses to Plaintiff's First Set of Requests for Admission

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AMERICAN CIVIL RIGHTS UNION,<br>In its individual and corporate capacities,<br>*Plaintiff,* | §<br>§<br>§<br>§<br>§ | |
| V. | § | Civil Action No. 7:16-CV-00103 |
| ELECTION ADMINISTRATOR<br>RAFAEL R. MONTALVO,<br>In his official capacity,<br>*Defendant.* | §<br>§<br>§<br>§<br>§ | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION**

To: Plaintiff, by and through its counsel of record, Kaylan L. Phillips, PUBLIC INTREST LEGAL FOUNDATION, 209 W. Main Street, Plainfield, IN 46168.

COMES NOW Starr County Elections Administrator Rafael Montalvo, Defendant in the above-styled cause, and makes its Responses to Plaintiff's Request for Admissions pursuant to Federal Rules of Civil Procedure 36.

Respectfully submitted,

*/s/ Phillip Ledbetter*

James P. Allison
SBN: 01090000

J. Eric Magee
SBN: 24007585

Phillip L. Ledbetter
SBN: 24041316

Allison, Bass & Associates L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 Phone
(512) 480-0902 Fax

---

Defendant's Response to Plaintiff's First Requests for Admission                                   Page 1

## RESPONSES TO ADMISSIONS

**Request No. 1:** Admit that the Defendant is legally required to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters" in Starr County as required by the National Voter Registration Act of 1993, 52 U.S.C. § 20507(a)(4).

**Response:** Respondent objects that this request is not a permissible form of discovery. Requests for admissions cannot compel a party to answer legal conclusions. Warnecke v. Scott, 79 F. App'x 5, 6 (5th Cir. 2003); In re Carney, 258 F.3d 415, 418 (5th Cir. 2001).

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

Defendant admits that Section 20507(a)(4) of the NVRA prescribes that "each State shall-- ...conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of-- (A) the death of the registrant; or (B) a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)." 52 U.S.C. § 20507(a)(4) (emphasis added). However, Defendant denies that this provision imposes any federal obligation upon the Starr County Elections Administrator.

**Request No. 2:** Admit that the Defendant is legally required to "maintain for at least 2 years and . . . make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . ." as required by the National Voter Registration Act, 52 U.S.C. § 20507(i)(1).

**Response:** Respondent objects that this request is not a permissible form of discovery. Requests for admissions cannot compel a party to answer legal conclusions. Warnecke v. Scott, 79 F. App'x 5, 6 (5th Cir. 2003); In re Carney, 258 F.3d 415, 418 (5th Cir. 2001).

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

Defendant admits that Section 20507(i)(1) of the NVRA prescribes that, "Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered." However, Defendant denies that this provision imposes any federal obligation upon the Starr County Elections Administrator. The NVRA centralizes responsibility in the state and in the chief elections officer, who is the state's stand-in. Scott v. Schedler, 771 F.3d 831, 839 (5th Cir. 2014). The State of Texas has designated the Secretary of State of the State of Texas

("Secretary") as the chief election officer of the State. Tex. Elec. Code § 31.001(a). The Secretary is required to maintain uniformity in the application, operation, and interpretation of the Texas Election Code and of Federal election laws. Id. § 33.003. Therefore, Section 20507(i)(1) of the NVRA imposes legal requirements on the Secretary of State, not the Defendant.

**Request No. 3:** Admit that the Defendant does not review any jury excusal forms or information therefrom in connection with his duty to remove ineligible voters from Starr County's voter rolls.

**Response:** Respondent objects that this request lacks specificity and/or is so vague and unclear that the party cannot identify the information requested. It is unclear what "duty to remove ineligible voters from Starr County's voter rolls" that this request is referencing. To the extent that this requests seeks to compel Defendant to answer a legal conclusion, Defendant objects that this request is not a permissible form of discovery. Requests for admissions cannot compel a party to answer legal conclusions. Warnecke v. Scott, 79 F. App'x 5, 6 (5th Cir. 2003); In re Carney, 258 F.3d 415, 418 (5th Cir. 2001).

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

Denied. Defendant reviews jury excusal information supplied to him pursuant to Texas law. Under the Government Code Section 62.113, the court clerks, who maintain the jury wheel for each county, are required to send a list of each person that was excused or disqualified from jury service because that person is not a citizen of the United States to both the county's voter

registrar and the Secretary of State. Tex. Gov't Code § 62.113. Court clerks are generally required to file such information with the Secretary of State electronically. Id. The Secretary of State is required to quarterly compare information received under Section 62.113, to the statewide computerized voter registration list. Tex. Elec. Code § 18.068. If the Secretary of State determines that a voter on the registration list has been excused or disqualified from jury service because the voter is not a citizen, the secretary shall send notice of the determination to the voter registrar of the counties considered appropriate by the secretary. Id. If the Defendant receives information from the Starr County Clerk or the Secretary of State listing individuals disqualified from jury duty due to citizenship status, State law requires the Defendant to deliver to each registered voter on the list, a written notice by forwardable mail requiring the voter to submit proof of United States Citizenship in the form of one of the following: (1) certified copy of the voter's birth certificate, (2) United States passport, or (3) citizenship papers. The voter has 30 days from the date the notice is mailed out to respond to the notice, or the Defendant will cancel the voter's registration. Id. § 16.0332.

Under Government Code Section 62.114, court clerks shall also maintain a list containing the name and address of each person who is excused or disqualified from jury service because the person is not a resident of the county. Tex. Gov't Code § 62.114. Each month, the clerk shall send to the voter registrar of the county a copy of the list of persons excused or disqualified in the previous month because the persons do not reside in the county. Id. If the Defendant receives information from the Starr County Clerk listing individuals disqualified from jury duty due non-residence in the County, State law requires the Defendant to send those persons a notice that the person is being placed on the County's suspense list of registered voters because of the person's excuse or disqualification from jury service based on non-residence in the County. The

notice must include information describing how the person may be removed from the suspense list and restored to regular voter registration in the County. Id.

**Request No. 4:** Admit that the Defendant does not use the Systematic Alien Verification for Entitlements (SAVE) Program database in connection with his duty to remove ineligible voters from Starr County's voter rolls.

**Response:**   Respondent objects that this request lacks specificity and/or is so vague and unclear that the party cannot identify the information requested. It is unclear what "duty to remove ineligible voters from Starr County's voter rolls" that this request is referencing. To the extent that this requests seeks to compel Defendant to answer a legal conclusion, Defendant objects that this request is not a permissible form of discovery. Requests for admissions cannot compel a party to answer legal conclusions. Warnecke v. Scott, 79 F. App'x 5, 6 (5th Cir. 2003); In re Carney, 258 F.3d 415, 418 (5th Cir. 2001). Further, Defendant objects that this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. The Systematic Alien Verification for Entitlements (SAVE) Program database contains information that may be accessed by Federal, state or local Government benefit granting agencies or licensing bureaus authorized by law to verify Immigration Status, and is used for a fee to verify the immigration status of non-citizen applicants for, and recipients of, certain types of federally funded benefits. There are no provisions in the NVRA addressing, authorizing or requiring any election official to investigate the eligibility of a registered voter or remove them from the list of registered voters based upon their citizenship or their potential eligibility for federally funded benefits.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

Defendant admits that he does not use they Systematic Alien Verification for Entitlements (SAVE) Program database in efforts to remove ineligible voters from Starr County's voter rolls.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Response to Plaintiff's First Set of Requests for Admission has been sent by e-mail and/or certified mail, return receipt requested, on the 7th day of July, 2016 to the following:

| | |
|---|---|
| Eric Wiesehan<br>Wiesehan Law Firm, PLLC<br>P.O. Box 720938<br>McAllen, TX 78504<br>Tel: (956) 207-2795<br>Fax: (866) 311-5445<br>wiesehanlaw@gmail.com<br>*Counsel for Plaintiff ACRU* | *cmrrr:* <u>7015 3010 0000 0779 9845</u> |
| H. Christopher Coates<br>LAW OFFICE of H. CHRISTOPHER COATES<br>934 Compass Point<br>Charleston, South Carolina 29412<br>Tel: (843) 609-7080<br>curriecoates@gmail.com<br>*Counsel for Plaintiff ACRU* | *cmrrr:* <u>7015 3010 0000 0779 9852</u> |
| J. Christian Adams<br>Kaylan L. Philips<br>PUBLIC INTEREST LEGAL FOUNDATION<br>209 W. Main Street<br>Plainfield, IN 46168<br>Tel: (317) 203-5599<br>Fax: (888) 815-5641<br>adams@publicinterestlegal.org<br>kphillips@publicinterestlegal.<br>*Counsel for Plaintiff ACRU* | *cmrrr:* <u>7015 3010 0000 0779 9869</u><br>*cmrrr:* <u>7015 3010 0000 0779 9876</u> |

/s/ Phillip L. Ledbetter
Phillip L. Ledbetter