# Exhibit C

# Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, § <br> In its individual and corporate capacities, § <br> *Plaintiff*, § <br> § <br> § <br> V. § <br> § <br> ELECTION ADMINISTRATOR § <br> RAFAEL R. MONTALVO, § <br> In his official capacity, § <br> *Defendant*. § | Civil Action No. 7:16-CV-00103 |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST
### SET OF INTERROGATORIES TO DEFENDANT

To:   Plaintiff, by and through its counsel of record, Kaylan L. Phillips, PUBLIC INTREST LEGAL FOUNDATION, 209 W. Main Street, Plainfield, IN 46168.

COMES NOW Starr County Elections Administrator Rafael Montalvo, Defendant in the above-styled cause, and makes its Responses to Plaintiff's First Set of Interrogatories pursuant to Federal Rules of Civil Procedure 33.

Respectfully submitted,

*/s/ Phillip Leatth*

James P. Allison
SBN: 01090000

J. Eric Magee
SBN: 24007585

Phillip L. Ledbetter
SBN:  24041316

Allison, Bass & Associates L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 Phone
(512) 480-0902 Fax

---

## RESPONSES TO FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:** Identify, by name, title, and function, all of the individuals, employees and agents of the Defendant, including all previous employees, contracted or temporary employees who assist with carrying out the duties of the Defendant office, and whether those employees still are employed by Defendant.

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly based upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates the Section 20507 of the National Voter Registration Act, 52 U.S.C. § 20507 ("NVRA"). Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

Rafael R. Montalvo
Starr County Elections Administrator/Director of the Elections Office
c/o Defense Counsel
*Defendant*

John Lee Rodriguez
c/o Defense Counsel
*Starr County Elections Office Supervisor*

Rogelio Moralez
c/o Defense Counsel
*Starr County Elections Office Voter Registrar and Technician*

Alexy Rios
c/o Defense Counsel
*Starr County Elections Office Clerk*

Guadalupe Gonzales
c/o Defense Counsel
*Starr County Elections Office Clerk*

**Interrogatory No. 2:** Describe the dates, details, scope and results of any countywide mailing conducted by the Defendant for the purpose of list maintenance and was mailed to all registered voters at their registration address.

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates the NVRA. Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

Pursuant to Texas Election Code each county in the state performs countywide mailings. New voter registration certificates ("renewal certificate") are mailed to each active voter in the county in what the Secretary of State refers to as a "Mass Mail Out." See Tex. Elec. Code § 14.001. Voters on the "Suspense List," governed by subchapter 15(D) of the Election Code, do not receive a renewal certificate. The renewal certificates are created and mailed out on or after November 15 but before December 6 of odd numbered years. The certificates are valid for two years. The renewal certificates are delivered by mail that is not forwardable. Section 14.024 of the Elections Code provides that when a renewal certificate is returned undelivered this will generally result in the voter being placed on the Suspense List not later than January 2 following the mailing. The voter will then be mailed a "Confirmation Notice" in accordance with Section 15.053 of the Election Code between January 1 and March 1 of each even-numbered year. The Confirmation Notice includes a warning that the voter's registration is subject to cancellation if the voter fails to confirm the voter's current residence either by notifying the registrar in writing or voting on a statement of residence before November 30 following the second general election

for state and county officers that occurs after the date the confirmation notice is mailed. Id. § 15.052. If the voter fails to respond in accordance with Election Code Section 15.053, the voter's name remains on the Suspense List. If on November 30 following the second general election for state and county officers that occurs after the date the voter's name is entered on the Suspense List a registered voter's name appears on the Suspense List, the registrar shall cancel the voter's registration unless the name is to be deleted from the list under Section 15.023. Id. § 16.032.

**Interrogatory No. 3:** Describe all efforts Defendant has made to conduct a program for the correction of records or removal of names from the voter registration lists for individuals who have moved, using the mailed notices and cards described in 52 U.S.C. §§ 20507(c) and (d), or following the procedures described in 52 U.S.C. § 20507(e) (include the date those efforts commenced).

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates the NVRA. Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

Defendant denies that section 20507 of the NVRA imposes any federal obligation upon the Starr County Elections Administrator to conduct a program for the correction of records or removal of names from the voter registration lists for individuals who have moved. However, Defendant acknowledges that a county elections administrator has obligations under the Election Code that may result in the correction of records or removal of names from the voter registration lists for individuals who have moved. For example, Section 13.144 of the Election Code prescribes that "[n]ot later than the 30th day after the date a voter registrar receives a voter registration application, the registrar shall deliver the original of an initial certificate: (1) in

person to the applicant or the applicant's agent appointed under Section 13.003; or (2) by mail to the applicant. If delivery is by mail, the registrar shall send the certificate to the mailing address on the applicant's registration application." Tex. Elec. Code § 13.144.

Pursuant to Section 15.051(b), if an initial voter registration certificate delivered to the applicant by mail is returned to the registrar as undeliverable, the voter registrar will mail the voter a "Notice to Confirm Voter Registration Address." The contents of the notice are prescribed by the Election Code, and the design of the notices is generally prescribed by the Secretary of State. See id. § 15.052. This confirmation request will include an official response form for the voter to respond with. It must be pre-addressed for delivery to the registrar and have the postage pre-paid. Unlike voter registration certificates which are not forwardable, Section 15.051(c) requires the confirmation notice be forwarded to the voter's last known address. The voter has 30 days from the date the notice is mailed out to respond. If the voter fails to respond to this notice, the voter registrar is required under Section 13.146 to enter the voter's name on the Suspense List.

The voter's response must be in writing, signed and must contain all of the information that a person includes on a regular application to register to vote. Once the response is received, the voter registrar reviews the response in the same manner as any other regular registration application and acts on it accordingly.

As explained in response to Plaintiff's Interrogatory No. 2, active voters are thereafter mailed renewal certificates, and if they are returned undelivered the voters will then be mailed a "Confirmation Notice" in accordance with Section 15.053 of the Election Code.

Section 15.022 addresses the efforts Defendant may take to correct registration records. It prescribes that:

The registrar shall make the appropriate corrections in the registration records, including, if necessary, deleting a voter's name from the suspense list:

(1) after receipt of a notice of a change in registration information under Section 15.021;

(2) after receipt of a voter's reply to a notice of investigation given under Section 16.033;

(3) after receipt of any affidavits executed under Section 63.006, following an election;

(4) after receipt of a voter's statement of residence executed under Section 63.0011;

(5) before the effective date of the abolishment of a county election precinct or a change in its boundary;

(6) after receipt of United States Postal Service information indicating an address reclassification;

(7) after receipt of a voter's response under Section 15.053; or

(8) after receipt of a registration application or change of address under Chapter 20.

Id. § 15.022(a).

**Interrogatory No. 4:** Describe additional efforts you have made to conduct a program for the removal of ineligible voters from the official lists of eligible voters by reason of a change in the residence of registrants from Starr County to another county, including but not limited to researching or facilitating research into official information provided in writing by voters that calls into question those voters' continued eligibility to vote at their currently registered Starr County addresses (e.g. jury declinations, motor vehicle department address changes, homestead exemptions filed in other counties, or other county or state tax filings which claim non-resident status) (include the date those efforts commenced).

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates the NVRA. Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas. Furthermore, Defendant objects that this request is duplicative of Interrogatory No. 3, and thus is unnecessarily burdensome and harassing.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

Defendant denies that the NVRA imposes any federal obligation upon the Starr County Elections Administrator to conduct a program for the removal of ineligible voters from the official lists of eligible voters by reason of a change in the residence of registrants from Starr County to another county. See also Defendant's Response to Interrogatory No. 3.

**Interrogatory No. 5:** Describe all efforts you have made to obtain access to databases maintained by the federal government or others for the purposes of removing ineligible voters, including but not limited to the U.S. Department of Homeland Security's Systematic Alien Verification for Entitlements ("SAVE") database, the U.S. Social Security Administration's Social Security Death Index ("SSDI") database, the data provided by the State and Territorial Exchange of Vital Events ("STEVE") for the purpose of conducting a program for removing ineligible voters from the official lists of eligible voters (include the date any such efforts commenced).

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates the NVRA. Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

In accordance with Section 21083 of the Help America Vote Act ("HAVA"), 52 U.S.C. §§ 21083 and Chapter 18(C) of the Texas Election Code, the Secretary of State has created a statewide computerized voter registration list that serves as the single system for storing and managing the official list of registered voters in the state. The Secretary refers to it as the Texas Election Administration Management ("TEAM") System or the ElectioNet System. The TEAM System include functionality for county and state election officials to maintain voter registration records. Accordingly, Starr County has established an account with the Secretary of State so

that it may access that functionality and utilize the statewide computerized voter registration list. *See e.g.*, https://teamrv-production.sos.texas.gov/ElectioNet/.

Under Election Code Section 16.001, county registrars of death and the Bureau of Vital Statistics are required to provide to the Secretary of State information relating to deceased residents of the State of Texas. Tex. Elec. Code § 16.001. The Election Code also requires the Secretary of State to obtain information on deceased residents from the Social Security Administration. Id. Further, Section 16.001 authorizes the Secretary of State to obtain, "for purposes of determining whether a voter is deceased, information from other state agency databases relating to a voter that is the same type of information that the secretary of state or a voter registrar collects or stores for voter registration purposes." Id.

Under Government Code Section 62.113, the court clerks, who maintain the jury selection process for each county, are required to send a list of each person that was excused or disqualified from jury service because that person is not a citizen of the United States to both the county's voter registrar and the Secretary of State. Tex. Gov't Code § 62.113. Court clerks are generally required to file such information with the Secretary of State electronically. Id.

Under Section 18.068 of the Election Code, the Secretary of State is required to compare the information they receive from the Bureau of Vital Statistics, the Social Security Administration, and court clerks to the statewide voter registration list. Tex. Elec. Code § 18.068. After comparing the data from these different sources, the Secretary of State may be able to determine that an individual on the statewide registration list is deceased. Id. In determining which action is appropriate to take, the Secretary of State's office has established criteria used when confirming whether or not it is appropriate to cancel a registration, or when a county must further investigate an issue. Id. Based on the data received, the Secretary of State will determine whether or not a "strong" match or a "weak" match occurs with a current voter registration record. When a strong match occurs for a Starr County registered voter, the voter's registration is automatically canceled by the Secretary of State. A weak match will result in the Secretary of State notifying the Defendant so that the voter's eligibility may be investigated by sending out a "Notice of Examination" or, in the case of a match based on deceased records, a "Verification of Voter Status."

Under Section 18.062 of the Election Code, the Secretary of State is also required to "cooperate with other states and jurisdictions to develop systems to compare voters, voter history, and voter registration lists to identify voters whose addresses have changed" in order "[t]o maintain the statewide voter registration list and to prevent duplication of registration in more than one state or jurisdiction." Id. § 18.062. A system developed under Section 18.062 must comply with the National Voter Registration Act. Id.

**Interrogatory No. 6:** Describe all efforts you have made to conduct a program to remove names from the voter registration lists based on records of criminal convictions and incarcerations or ineligibility (including receipt of jury duty notices returned or successfully evaded because of circumstances which would render the potential juror also ineligible to vote in Starr County) (include the date any such programs commenced).

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates the NVRA. Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

Pursuant to Election Code Section 16.003, on a weekly basis, the Department of Public Safety ("DPS") is required to prepare and deliver to the Secretary of State, an abstract of final judgment for individuals, aged 18 and older that were convicted of a felony. Tex. Elec. Code § 16.003. The Secretary of State will compare this list to the statewide voter registration list to determine whether or not there are any matches. All matches under this category are considered "weak" matches and are referred to the appropriate county for the local voter registrar to further investigate. When Defendant receives a list of these "weak" matches, he is required to mail out a "Notice of Examination" in accordance with Section 16.033 of the Election Code. The voter has 30 days from the date the Notice is mailed out to respond to the Notice, or Defendant will cancel the voter's registration.

The National Voter Registration Act also provides that, "[o]n the conviction of a person of a felony in a district court of the United States, the United States attorney shall give written notice of the conviction to the chief State election official". 52 U.S.C. § 20507(g)(1). Upon information and belief, the Secretary of State handles such notices from the United States attorney in the same manner as abstracts of felony convictions received from DPS, and thus federal convicts identified by the United States attorney are referred by the Secretary of State to the appropriate county for the local voter registrar to further investigate by mailing a Notice of Examination.

**Interrogatory No. 7:** Describe all efforts you have made to conduct a program to remove names from the voter registration lists based on deaths of voters, including review of obituaries in

newspapers, access to the U.S. Social Security Administration's Social Security Death Index ("SSDI") database, review of the Texas Department of State Health Services records, notices by next of kin or any other effort to remove voters by reason of the voter's death (include the date those programs commenced).

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates the NVRA. Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas. Defendant further objects that this request is duplicative of Interrogatory No. 5, and thus it is unduly burdensome and harassing.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

See Defendant's Response to Interrogatory No. 5.

**Interrogatory No. 8:** Identify all outside consultants, firms, contractors, agents, or other outside parties (including other county offices or county officials) you have hired to assist with, advise on, or administer in any way, your election administration and voter registration list maintenance duties under Section 8 of the NVRA (include the date those efforts commenced).

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates the NVRA. Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any

connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

None. The Secretary of State is required to maintain uniformity in the application, operation, and interpretation of the Texas Election Code and of Federal election laws. Tex. Election Code § 33.003. In performing this duty, the Secretary must prepare detailed and comprehensive written directives and instructions relating to and based on election laws, and distribute these materials to the appropriate state and local authorities having duties in the administration of these laws. Id. Additionally, the Secretary is required to advise and assist local officials with regard to the application, operation, and interpretation of the election laws. Id. § 31.004. Further, Secretary of State is this State's chief election official designated by the State to be responsible for the coordination of the State's responsibilities under the NVRA. Id. § 31.001(a); 52 U.S.C. § 20509. Therefore, the Secretary of State would be the party responsible for election administration and voter registration list maintenance duties under Section 8 of the NVRA.

**Interrogatory No. 9:** Describe and detail fully the reason or reasons the number of registered voters in Starr County exceeds the total number of living adults eligible to vote in Starr County. Provide every reason or defense available to justify the number of registrants exceeding the number of eligible voters and identify any studies or data to support that defense.

**Answer:** Defendant objects that this interrogatory is an improper form of discovery. This interrogatory does not request Plaintiff's contention or opinion that relates to a fact or the application of law to fact. Rather, this interrogatory requests that Defendant admit the truth of Plaintiff's allegation that "the number of registered voters in Starr County exceeds the total number of living adults eligible to vote in Starr County" and then requests the Defendant to describe the reason[s] supporting Plaintiff's allegation and further justify the same. Plaintiff bears the burden of proving its own allegation that "the number of registered voters in Starr County exceeds the total number of living adults eligible to vote in Starr County." Thus far, Plaintiff has failed to explain the basis of its allegation or present any evidence supporting the same. Moreover, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. According, Defendant further objects that this interrogatory is premature. It requests information that will not be known until after additional discovery is completed, if ever. Further, Defendant

objects that this request lacks specificity or is so vague and unclear that Defendant cannot identify the information requested. It is unclear who Plaintiff considers are the persons comprising the "total number of living adults eligible to vote in Starr County," how Plaintiff identified those persons, or how Plaintiff's allegation regarding those persons has any connection to its allegation of an NVRA violation.

**Interrogatory No. 10:** Identify and describe all list maintenance activities conducted on Starr County voter registration rolls (provide the date that the type of activity commenced).

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates the NVRA. Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas. Defendant further objects that this request is duplicative of Interrogatory Nos. 2 through 7. Furthermore, Defendant objects that this request is unduly burdensome and harassing.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

See Defendant's Responses to Interrogatory Nos. 2, 3, 4, 5, 6 and 7.

**Interrogatory No. 11:** Describe the process of voter registration by you, including who conducts voter registration, who receives and processes state and county agency voter registrations through National Voter Registration Act ("NVRA") Section 7 processes and how they are entered onto the rolls, who enters a voter onto the active rolls and what format those rolls are kept (whether paper, card catalog or electronic, or in multiple formats), and describe how these procedures differ (if at all) from your predecessor in interest.

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates Section 8 of the NVRA (i.e., 52 U.S.C § 20507). Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Furthermore, this interrogatory requests information regarding a provisions of the NVRA (i.e., what Plaintiff refers to as "Section 7") that are not addressed in Plaintiff's complaint. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas. Furthermore, Defendant objects that this interrogatory requests information that can be obtained from another source that is more convenient, less burdensome and less expensive.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedures, Defendant answers as follows:

See Texas Election Code tit. 2, §§ 11.001 – 20.123.

**Interrogatory No. 12:** Identify all complaints, communications or notices from citizens you have received regarding registrants who were no longer eligible to vote at their current registered address for whatever reason.

**Answer:** Defendant objects that this request lacks specificity or is so vague and unclear that Defendant cannot identify the information requested. For example, it is unclear whether Plaintiff is asking Defendant to identify every communication from a registered voter attempting to update their registration information or who is responding to a Confirmation Notice mailed by the Defendant requesting confirmation of the voter's current residence. Additionally, Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant,

if any, violates the NVRA. Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas.

**Interrogatory No. 13:** Describe and detail fully all allegations and prosecutions of voter fraud in Starr County, including but not limited to the 2006 and 2010 publicized incidents regarding mail-in ballots and the allegations of double voting in 2012.

**Answer:** Defendant objects that this request is overly broad and that it constitutes an impermissible fishing expedition that is outside the scope allowed by Federal Rule of Civil Procedure 26(b)(1). Prosecution of allegations of voter fraud are the statutory responsibility of the District Attorney or the Texas Attorney General, and details of any such cases are not within the purview of the Elections Administrator. Further, Defendant objects that this request is not proportional to the needs of the case. Plaintiff's lawsuit is generally limited to an allegation that Starr County had more voters on the registration rolls than it had eligible living citizen voters. Plaintiff bases this disputed allegation upon a population estimate that Plaintiff allegedly bases upon unspecified 2010 federal census information. However, Plaintiff's complaint fails to specify what act or omission by Defendant, if any, violates the NVRA. Further, Plaintiff's complaint fails to explain how its allegation regarding the estimated population of eligible, living citizens has any connection to its allegation of an NVRA violation. Moreover, Plaintiff's complaint does not concern any allegation of voter fraud. Nevertheless, Plaintiff has propounded interrogatories that indicate that they request information for the time period from January 1, 2005 through the present, and that are not limited to any particular subject matter. Accordingly, this request is not reasonably tailored to request only matters relevant to this lawsuit. It is not limited to the subject matter of this lawsuit, and is not limited to a particular time period that is reasonably related to the claims made the basis of this lawsuit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Moreover, Defendant objects this overly broad request is not proportional to the Defendant's resources. Defendant is the elections administrator in a small office for one of the poorest counties in the State of Texas.

## VERIFICATION

STATE OF TEXAS            §
                          §
COUNTY OF STARR           §

Before me, the undersigned Notary Public, on this day personally appeared Rafael Montalvo, who being first duly sworn on oath deposes and says that he has read the foregoing Responses to Plaintiff's First Set of Interrogatories, that he has personal knowledge of the facts stated said Responses and that they are true and correct.

_____
Rafael Montalvo

SUBSCRIBED AND SWORN TO before me the undersigned Notary Public, on this 7th day of July, 2016.

[Notary Seal: ARMANDINA RODRIGUEZ, My Commission Expires August 26, 2018]

_____
Notary Public, In and For the State of Texas

My Commission Expires:

_8-26-2018_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Response to Plaintiff's First Set of Interrogatories has been sent by certified mail, return receipt requested, on the 7th day of June, 2016 to the following:

| | |
|---|---|
| Eric Wiesehan<br>Wiesehan Law Firm, PLLC<br>P.O. Box 720938<br>McAllen, TX 78504<br>Tel: (956) 207-2795<br>Fax: (866) 311-5445<br>wiesehanlaw@gmail.com<br>*Counsel for Plaintiff ACRU* | *cmrrr:* <u>7015 3010 0000 0779 9845</u> |
| H. Christopher Coates<br>LAW OFFICE of H. CHRISTOPHER COATES<br>934 Compass Point<br>Charleston, South Carolina 29412<br>Tel: (843) 609-7080<br>curriecoates@gmail.com<br>*Counsel for Plaintiff ACRU* | *cmrrr:* <u>7015 3010 0000 0779 9852</u> |
| J. Christian Adams*<br>Kaylan L. Philips<br>PUBLIC INTEREST LEGAL FOUNDATION<br>209 W. Main Street<br>Plainfield, IN 46168<br>Tel: (317) 203-5599<br>Fax: (888) 815-5641<br>adams@publicinterestlegal.org<br>kphillips@publicinterestlegal.org | *cmrrr:* <u>7015 3010 0000 0779 9869</u><br>*cmrrr:* <u>7015 3010 0000 0779 9876</u> |

Phillip Ledbetter