IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AMERICAN CIVIL RIGHTS UNION, § | | |
| in its individual and corporate capacities § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No. 7:16-cv-00103 | |
| § | | |
| ELECTION ADMINISTRATOR § | | |
| RAFAEL R. MONTALVO, § | | |
| in his official capacity; and TEXAS SECRETARY § | | |
| OF STATE CARLOS CASCOS, in his official § | | |
| Capacity, § | | |
| *Defendant*. § | | |

## DEFENDANT RAFAEL R. MONTALVO'S RESPONSE TO DEFENDANT CARLOS H. CASCOS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Starr County Elections Administrator Rafael R. Montalvo, (hereinafter "Defendant Montalvo") files this response to Defendant Carlos H. Cascos' Motion to Dismiss Plaintiff's First Amended Complaint ("Motion" or "Dkt. 55"). In support hereof, Defendant Montalvo offers the following:

### I.   Background

1.   Plaintiff American Civil Rights Union (hereinafter "Plaintiff" or "ACRU") filed their Original Complaint, ("Complaint" or "Dkt. 1"), on March 4, 2016. Plaintiff filed this lawsuit against Defendant Montalvo, in his official capacity as Starr County Elections Administrator. Plaintiff's Complaint seeks injunctive and declaratory relief for allegedly violating "Section 8" of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507. Plaintiff's principal allegation is that "Defendant has failed to make reasonable efforts to conduct voter list maintenance

programs, in violation of Section 8 of the NVRA, 52 U.S.C. § 20507 and 52 U.S.C. § 21083(a)(2)(A)[1]." Dkt. 49 at ¶ 36.

2. On April 6, 2016, Defendant Montalvo filed a motion to dismiss for lack of subject-matter jurisdiction and motion to dismiss for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Dkt. 6. Later on July 15, 2016, Defendant filed his First Amended Motion to Dismiss, Dkt. 24. The Court held multiple hearings to consider Defendant's First Amended Motion to Dismiss. Defendant's First Amended Motion to Dismiss remains pending, and the Court has yet to issue a ruling.

3. On September 23, 2016, Plaintiff filed its Motion to Amend its Complaint and Add a Party-Defendant. Dkt. 46. Said motion sought the permissive joinder of the Texas Secretary of State as a defendant pursuant to Federal Rule of Civil Procedure 20 because "this Court has made it clear to Plaintiff's counsel that the Court believes that the Secretary of State needs to be added as a party-defendant." *Id.* at pgs. 3-4.

4. On October 5, 2016, the Court granted Plaintiff's Motion to Amend its Complaint and Add a Party-Defendant, and ordered the Clerk to file Plaintiff's First Amended Complaint. Dkt. 48. Plaintiff's First Amended Complaint provides that the Secretary of State is "named for the purpose of obtaining complete relief against Defendant Montalvo." Dkt. 49 at pg. 7.

---

[1] Plaintiff alleges that Defendant Montalvo violated section 21083 of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21083. However, Plaintiff does not seek relief under HAVA or assert that HAVA provides a basis for the Court's jurisdiction. Moreover, the U.S. Supreme Court has vacated a temporary restraining order directing Ohio's Secretary of State to update the state's voter registration database, having concluded that the plaintiffs were not sufficiently likely to prove that HAVA section 303 (now section 21083) gave them a private right of action. Brunner v. Ohio Republican Party, 555 U.S. 5, 5-6 (2008). Accordingly, Defendant's First Amended Motion to Dismiss sets forth in greater detail that Plaintiff's lawsuit, including any claims concerning HAVA, should be dismissed pursuant to Fed. R. Civ. P 12(b)(1) and (6). Defendant incorporates its First Amended Motion to Dismiss by reference herein.

Significantly, Plaintiff's First Amended Complaint requests a judgment, "[e]njoining the Secretary for failing to carry out any of the coordination and supervisory duties that he is required to do under either Section 8 of the NVRA or under the Texas Election Code that would help ensure that reasonable list maintenance of the voter rolls is performed by Defendant Montalvo." *Id.* at pg. 13.

5. On December 1, 2016, Defendant Carlos H. Cascos, in his official capacity as Texas Secretary of State ("Defendant Cascos") filed his Motion to Dismiss Plaintiff's First Amended Complaint. Dkt.55.

## II. Argument & Authorities

### A. Plaintiff's lawsuit should be dismissed pursuant to Fed. R. Civ. P 12(b)(6).

6. Plaintiff alleges that Defendant Montalvo violated section 8 of the NRVA, 52 U.S.C. § 20507. In its First Amended Complaint, Plaintiff principally complains that "Defendant Montalvo has failed to make reasonable efforts to conduct voter list maintenance programs, in violation of Section 8 of the NVRA, 52 U.S.C. § 20507 and 52 U.S.C. § 21083(a)(2)(A). *See* Plaintiff's First Amended Complaint, Dkt. 49 at pg. 11. Plaintiff's allegations concerning list maintenance programs under the NVRA concern Section 20507(a)(4) of that Act. *See* Dkt. 49 at pg. ¶¶ 13, 37. Section 25057(a)(4) prescribes that "each State shall-- ...conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of-- (A) the death of the registrant; or (B) a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)." 52 U.S.C. § 20507(a)(4) (emphasis added).

7. As the Court is aware, the NVRA governs the administration of voter registration for elections for Federal offices, and sets forth several provisions applicable to the "State," which are defined to mean a State of the United States and the District of Columbia. *Id.* §§ 20507(a),

20502(4). Accordingly, section 20509 prescribes that each State shall designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under [the NVRA]. *Id.* § 20509. The Fifth Circuit has determined that the NVRA "centralizes responsibility in the state and in the chief elections officer, who is the state's stand-in". Scott v. Schedler, 771 F.3d 831, 839 (5th Cir. 2014). Accordingly, the Fifth Circuit holds that the state's chief elections official has an ongoing responsibility to coordinate and enforce the State's compliance with the NVRA. *Id; see also* United States v. State of Tex., 445 F. Supp. 1245, 1259-1262 (S.D. Tex. 1978), *aff'd sub nom. Symm v. United States*, 439 U.S. 1105, 99 S. Ct. 1006, 59 L. Ed. 2d 66 (1979) (holding that the Texas Secretary of State has power, under state law, to prohibit a county voter registrar from acts violating federal election laws, and may pursue injunctive relief to enforce his prohibition).

8.  Section 20510 of the NVRA prescribes that written notice of an alleged violation of the Act be provided to the chief election official of the state before one may pursue a private right of action for declaratory or injunctive relief necessary to carry out the NVRA. *See id.* § 20509. The purpose of the notice requirement is to give the State, through its chief election official, the opportunity to remedy NVRA violations. Scott v. Schedler, 771 F.3d at 839. Accordingly, the Fifth Circuit holds that the pre-suit notice requirement for a private right of action in Section 20510(b) is mandatory, and that no standing is conferred if no proper notice is given. *Id.* at 835 (*citing* Ga. State Conference of NAACP v. Kemp, 841 F.Supp.2d 1320, 1335 (N.D.Ga.2012)).

9.  The State of Texas has designated the Texas Secretary of State ("Secretary") as the chief election officer of the State. Tex. Elec. Code § 31.001(a). Accordingly, the Secretary has an ongoing responsibility to coordinate and enforce the State's compliance with the NVRA, and he is the party to whom a person asserting a private right of action under the Act must seek redress

for any alleged violation. Scott v. Schedler, 771 F.3d at 839 ("[r]equiring would-be plaintiffs to send notice to their chief election official about ongoing NVRA violations would hardly make sense if that official did not have the authority to remedy NVRA violations") (*quoting* Harkless v. Brunner, 545 F.3d 445, 449 (6th Cir.2008)).

10. Section 20507(a)(4) of the NVRA expressly creates an obligation for the State of Texas to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters." 52 U.S.C. § 20507(a)(4); *cf. id*. §20507(c)(1) (providing that "A State may meet the requirement of subsection [20507(a)(4)] by establishing a program under which...change of address information supplied by the Postal Service...is used to identify registrants whose addresses may have changed..."). Consequently, in a lawsuit where it is alleged section 20507(a)(4) has been violated, the Secretary (as the State of Texas's stand-in) is the party who shall receive pre-suit notice, and thus is the party against whom the NVRA provides a private right of action.

11. Plaintiff's Complaint and its proposed First Amended Complaint are devoid of any factual or legal allegations setting forth any specific act, practice or omission that violates the NVRA. Rather, Plaintiff alleges that information purportedly obtained from the Secretary of State and U.S. Census Bureau supports its claim that Starr County voter rolls "contain more voters registered to vote than there are citizens eligible to vote residing in the county." Dkt. 49 at pg. 8. Based upon that allegation alone, Plaintiff lodges a conclusory allegation that, "[b]y failing to implement a program which takes reasonable steps to cure these circumstances, Defendant Montalvo has violated Section 8 of the NVRA". *Id*. 49 at pgs. 14.

12. Assuming *arguendo* that Starr County's voter rolls appear to have more registered voters than eligible voting age residents under the Census data and this could be the result of the failure to conduct a program that makes a reasonable effort to remove the names of ineligible

voters, the appropriate course of action under the NVRA required that the Plaintiff provide the Secretary of State with written pre-suit notice of an alleged violation. If the Secretary failed to correct an identifiable violation within 90 days, then Plaintiff would have standing to bring a private right of action against the Secretary of State to redress his failure to coordinate and enforce the State's obligations under the NVRA. *See* 52. U.S.C. § 20510(b)(2). This explains why Plaintiff's proposed First Amended Complaint requests a judgment, "[e]njoining the Secretary from failing to carry out any of the coordination and supervisory duties that he is required to do under either Section 8 of the NVRA or under the Texas Election Code that would help ensure that reasonable list maintenance of the voter rolls is performed by Defendant Montalvo." *Id.* at pg. 18. However, it fails to explain why the Plaintiff chose to sue Defendant Montalvo rather than the Secretary of State, and why Plaintiff continues to allege that Defendant Montalvo is a necessary and required Party-Defendant. Moreover, Plaintiff fails to explain why it contends that the Court cannot accord complete relief without Defendant Montalvo as a party-defendant. Plaintiff's First Amended Complaint does not allege that Defendant Montalvo failed to comply with the Secretary's efforts to enforce the State's compliance with the NVRA. Nor does Plaintiff allege that Defendant Montalvo failed to comply with any voter list maintenance obligation under the Texas Election Code or directives issued by the Secretary of State. Accordingly, to the extent that Plaintiff has any complaint concerning Defendant Montalvo, it is not ripe for litigation because Plaintiff has failed to pursue enforcement of the State of Texas's obligations under the NVRA through a suit against the Secretary of State. Consequently, Plaintiff's lawsuit should be dismissed.

13. Meanwhile, Plaintiffs First Amended Complaint admits that Plaintiff initiated this lawsuit without providing the requisite pre-suit notice to the Texas Secretary of State. Particularly, Plaintiff's First Amended Complaint alleges that Plaintiff sent a letter dated December 23, 2015,

to Defendant Montalvo notifying him that Starr County was in "apparent violation of Section 8 of the [NVRA]". Dkt. 49 at pgs. 9-10. The aforementioned letter expressly provides that it "serves as statutory notice to your county...prior to the commencement of any lawsuit to enforce provisions of Section 8 of the [NVRA]." Dkt. 49 at pg. 15 (emphasis added). Accordingly, Plaintiff's Complaint establishes that the requisite pre-suit notice was not provided to the chief election official of this State.

14. As explained above, the pre-suit notice requirement for a private right of action in subsection 20510(b) is mandatory. Scott v. Schedler, 771 F.3d at 835. No standing is conferred if no proper notice is given. *Id.* (*citing* Ga. State Conference of NAACP v. Kemp, 841 F.Supp.2d 1320, 1335 (N.D.Ga.2012)). Consequently, Plaintiff failed to comply with the mandatory notice requirement in subsection 20510(b) which is a statutory prerequisite to suit, and thus Plaintiff has no standing to pursue this lawsuit. Scott v. Schedler, 771 F.3d at 835 (holding that failure to provide such pre-suit notice is fatal to a plaintiff's suit under the NVRA); Broyles v. Texas, 618 F. Supp. 2d 661, 692 (S.D. Tex. 2009), *aff'd,* 381 F. App'x 370 (5th Cir. 2010) (granting Rule 12(b)(6) motion to dismiss NVRA claim because plaintiff failed to comply with pre-suit notice requirement). Therefore, Plaintiff's lawsuit should be dismissed pursuant to Fed. R. Civ. P 12(b)(6). *Id.*; *see also* Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 795 n.2 (5th Cir. 2011) (holding dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)).

**B. Defendant Cascos' Motion to Dismiss Provides Further Bases to Dismiss this Lawsuit.**

15. Defendant Cascos' Motion seeks dismissal of Plaintiff's claims against him upon the following two bases: (i) Plaintiff failed to provide pre-suit notice in accordance with Section 20510 of the NVRA, which is a jurisdictional requirement that deprives Plaintiff of standing and

this court with subject-matter jurisdiction; and (ii) Plaintiff failed to "plead that the State of Texas has failed to "conduct a general program" for removing ineligible voters from registration rolls or that the State has violated any other NVRA provisions" and thus failed to state a claim upon which relief can be granted." Both bases support the dismissal of Plaintiff's lawsuit against Defendant Montalvo and Defendant Cascos.

16. As explained above, Section 20510 of the NVRA requires that written notice of an alleged violation of the Act be provided to the chief election official of the state before a party may pursue a private right of action. *See id.* § 20509. The State of Texas has designated Defendant Cascos as the chief election officer of the State. Tex. Elec. Code § 31.001(a). Accordingly, Plaintiff's failure to provide Defendant Cascos with pre-suit notice in accordance with Section 20510 of the NVRA deprives Plaintiff of standing and this court with subject-matter jurisdiction. Consequently, Defendant Cascos' Motion to Dismiss supports Defendant Montalvo's First Amended Motion to Dismiss because Plaintiff's failure to provide sufficient pre-suit notice to the Texas Secretary of State deprives the Plaintiff of standing to assert any private right or action under the NVRA. Thus, Plaintiff's lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Scott v. Schedler, 771 F.3d at 835; Broyles v. Texas, 618 F. Supp. 2d at 692; Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d at 795 n.2.

17. Moreover, Defendant Cascos' Motion to Dismiss provides that Plaintiff's pre-suit letter to Defendant Montalvo failed to specify any action or inaction that constitutes a violation of the State of Texas' obligation under Section 8 of the NVRA, to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of-- (A) the death of the registrant; or (B) a change in the residence of the registrant". 52 U.S.C. § 20507(a)(4); *see also* Defendant Cascos' Motion at pgs. 1-8. Therefore,

Plaintiff's lawsuit should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Defendant Cascos' Motion at pgs. 3 (*citing* Hooks v. Landmark Indus., Inc., 797 F.3d 309, 312 (5th Cir. 2015) for the proposition that a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case).

18. As outlined above, Defendant Cascos' Motion also seeks dismissal of Plaintiff's claims because Plaintiff failed to "plead that the State of Texas has failed to "conduct a general program" for removing ineligible voters from registration rolls or that the State has violated any other NVRA provisions" and thus failed to state a claim upon which relief can be granted. *See* Defendant Cascos' Motion at pg. 11. In support of this request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Cascos explained that "[a]t its core, ACRU asks for an "obey the law" injunction that is unmoored to any specific actions that Defendant Cascos has undertaken (or failed to undertake). This is plainly impermissible. *See* Meyer v. Brown & Root Constr. Co., 661 F.2d 369, 373 (5th Cir. 1981) ("A general injunction which in essence order a defendant to obey the law is not permitted."). *Id.* at pg. 10. The same basis for dismissal applies to Plaintiff's claims against Defendant Montalvo. Plaintiff's First Amended Complaint does not allege any facts to support an allegation that Defendant Montalvo either: (i) engaged in any specific action prohibited by Section 8 of the NVRA; or (ii) failed to engage in any specific action required by Section 8 of the NVRA. Rather, Plaintiff makes allegations regarding the number of registered voters in Starr County as compared with estimates regarding the County's eligible voting population, and then without any further factual allegation or enhancement makes a conclusory allegation that Defendant Montalvo violated Section 8 of the NVRA. Accordingly, Plaintiff simply seeks an "obey the law" injunction. *See* Plaintiff's First Amended Complaint at pg. 13 ("WHEREFORE, Plaintiff prays for a judgment: ...Enjoining Defendant Montalvo from failing or

refusing to comply with the voter registration list maintenance requirements of Section 8 of the NVRA in the future"). Consequently, Defendant Cascos' Motion to Dismiss supports the dismissal of Plaintiff's lawsuit because Plaintiff's First Amended Complaint fails to state a claim against either Defendant upon which relief can be granted. Therefore, Plaintiff's lawsuit should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. Prayer

19.     For these reasons and the reasons set forth in Defendant's First Amended Motion to Dismiss, Defendant Montalvo requests that the Court: (i) dismiss Plaintiff's suit for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendant Montalvo further request all other relief to which it may be entitled.

Respectfully submitted,

_/s/ James P. Allison_
James P. Allison
SBN: 01090000
j.allison@allison-bass.com

J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com

Phillip Ledbetter
SBN 24041316
p.ledbetter@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Adam Bitter
Adam.bitter@oag.state.gov
Michael Abrams
Michael.abrams@oag.state.gov
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 475-4055
Fax: (512) 320-0667

*Attorneys for Defendant Carlos Cascos,
in his official capacity as Texas Secretary of State*

Eric Wiesehan
Wiesehan Law Firm, PLLC
P.O. Box 72093
McAllen, Texas 78504
Tel: (956) 207-2795
Fax: (866) 311-5445
wiesehanlaw@gmail.com

H. Christopher Coates
Law Office of H. Christopher Coates
934 Compass Point
Charleston, South Carolina 29412
Tel: (843) 609-7080
curriecoates@gmail.com

J. Christian Adams
Kaylan L. Phillips
Public Interest Legal Foundation
209 W. Main Street
Plainfield, Indiana 46168
Tel: (317) 203-5599
Fax: (888) 815-5641
adams@publicinterestlegal.org
kphillips@publicinterestlegal.org

James P. Allison

*Attorneys for Plaintiff*