IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AMERICAN CIVIL RIGHTS UNION, | § | |
| in its individual and corporate capacities, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 7:16-CV-00103 |
| | § | |
| ELECTION ADMINISTRATOR | § | |
| RAFAEL R. MONTALVO, in his official | § | |
| capacity; and TEXAS SECRETARY OF | § | |
| STATE CARLOS H. CASCOS, in his | § | |
| official capacity, | § | |
| *Defendants.* | § | |

## DEFENDANT CARLOS H. CASCOS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Carlos H. Cascos, in his official capacity as the Texas Secretary of State ("Defendant Cascos"), respectfully files this Reply in Support of his Motion to Dismiss Plaintiff's First Amended Complaint.

## I.    ARGUMENT

### A.    The Amended Complaint cannot survive *Twombly*'s plausibility standard.

Plaintiff American Civil Rights Union ("ACRU") makes two dispositive concessions in its Response to Defendant Cascos' Motion to Dismiss (ECF No. 57) ("Resp."). First, ACRU admits that the Amended Complaint does not "make[ ] claims that the Secretary in his official capacity has violated Section 8 of the NVRA." Resp. at 7. Second, ACRU asserts that it "is in no way asking this Court to render a judgment on whether the Secretary is acting in violation of the various portions of

1

the Texas Election Code." *Id.* at 15. ACRU's interpretation of its own pleading is thus that it has not alleged any cause of action under federal or state law against Defendant Cascos. It follows that Defendant Cascos must be dismissed from the case.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must advance "plausible" allegations for relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). That is, the plaintiff must allege facts that "nudge[ ]" its claims "across the line from conceivable to plausible." *Id.* By its own admission, ACRU has failed to satisfy that threshold here. At most, ACRU has identified a "conceivable" claim—that Defendant Cascos is violating the NVRA—but then disclaimed an interest in pursuing it.

For the same reason, ACRU lacks standing to pursue any claims against Defendant Cascos. The pillar of Article III standing is an allegation of "an injury that is: (1) concrete, particularized, and actual or imminent (so-called injury 'in fact'); (2) fairly traceable to the challenged action; and (3) redressable by a favorable ruling." *McCardell v. U.S. Dep't of Hous. & Urban Dev.*, 794 F.3d 510, 517 (5th Cir. 2015). The Amended Complaint does not explain how ACRU's purported injury can be traced to Defendant Cascos' actions or redressed by a favorable ruling against him. And ACRU's response provides this Court no guidance as to what specific actions Defendant Cascos would be required to take (or not take) if an injunction were to issue. *See* Resp. at 14 (noting that the relief that ACRU seeks against Defendant Cascos is "minor and ancillary" compared to the relief sought from Defendant Montalvo, but arguing—without any analysis—that the relief is still sufficiently specific). The Court should dismiss Defendant Cascos from this lawsuit.

2

B.    **Rules 19 and 20 do not expand federal jurisdiction.**

ACRU proposes a workaround to these problems: ignore *Twombly* and join Defendant Cascos under Federal Rule of Civil Procedure 19 or 20. But these provisions—which address the required and permissive joinder of parties, respectively—cannot salvage ACRU's claims against Defendant Cascos. As with other provisions of the Federal Rules of Civil Procedure, neither Rule 19 nor 20 can expand this Court's subject matter jurisdiction.

*Vieux Carre Property Owners, Residents & Associates, Inc. v. Brown*, 875 F.2d 453 (5th Cir. 1989), disposes of any claims asserted against Defendant Cascos. And ACRU's attempts to distinguish the case are unavailing. *See* Resp. at 6-8. There, the Fifth Circuit explained that "it is implicit in Rule 19(a) itself that before a party will be joined as a plaintiff it must have a cause of action against the defendants, and before it will be joined as a defendant the plaintiff must have a cause of action against it." *Vieux Carre*, 875 F.2d at 457 (citation omitted). In *Vieux Carre*, the court dismissed federal claims against non-federal agency defendants—*i.e.*, defendants who could not possibly violate the federal laws at issue in the case—and rejected circuit court opinions that enjoined such defendants without explaining "how the right of action against the nonagency defendant arises." *Id.* at 457-58. So, under *Vieux Carre*—binding Fifth Circuit precedent—a plaintiff must identify how it has a cause of action against a defendant before that defendant can be joined under Rule 19. *See id.*; *see also SEC v. Cherif*, 933 F.2d 403, 413 (7th Cir. 1991) (finding that Rule 19 "is not a source of federal jurisdiction" and that it "supplies a mechanism by which

3

interested parties can be joined, but it presumes the preexistence of subject matter jurisdiction over some cause of action alleged against the defendant").[1]

Rule 20, like Rule 19, is not a grant of jurisdiction, and cannot provide a basis to join a party in the absence of a cause of action asserted against it. As one district court has explained, Rule 20 "'must be read with the limitation that a federal district court must, at a minimum arguably have subject matter jurisdiction over the original claims.' To do otherwise is to ignore the Article III standing requirements that form the threshold consideration of a federal district court's authority to consider any matter." *Zangara v. Travelers Indem. Co. of Am.*, No. 1:05-CV-731, 2006 WL 825231, at *3 (N.D. Ohio Mar. 30, 2006) (citation omitted)).

In *Hodges by Hodges v. Public Building Commission of Chicago*, 864 F. Supp. 1493, 1507 (N.D. Ill. 1994), the court considered an almost identical Rule 19 joinder request, and unequivocally rejected it. In that case, minority students of a Chicago high school and their parents sued three governmental entities for allegedly blocking construction of important physical additions to the school for racially motivated reasons. *Id.* at 1497. One of the parties they sought to sue under Title VI of the Civil Rights Act was the Public Building Commission of Chicago ("PBC"). *Id.* The plaintiffs,

---

[1] *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977), and *General Building Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375 (1982), both of which ACRU relies upon in its response, are distinguishable. In those cases, the plaintiffs alleged causes of action against a defendant who was subsequently not found liable. *Teamsters*, 431 U.S. at 356 n.43; *Bldg. Contractors*, 458 U.S. at 399. The Court left the defendants in those cases, notwithstanding the liability holdings, to ensure the appropriateness of any post-judgment relief. In this case, ACRU has acknowledged at the outset it has no cause of action against Defendant Cascos. That distinction aligns this case with *Vieux Carre* and others discussed in more detail *infra*.

however, conceded that the PBC did not receive, or have any involvement with, federal funds and thus was not subject to Title VI's reach. *Id.* at 1506. The court rejected the plaintiffs' argument that the PBC was a "necessary and appropriate" party to prevent the plaintiffs from being harmed by what they viewed as racially discriminatory plans to press forward with a far more limited expansion of the high school. *Id.* at 1507. The court reasoned that:

> Plaintiffs misconceive Rule 19. Even assuming the PBC is a "necessary" party to the Title VI claim, that status does not automatically confer subject matter jurisdiction on the court to hear that claim against the PBC. On the contrary, "Rule 19 alone cannot give the district court subject matter jurisdiction over the dispute . . . because Rule 19 is not a source of federal jurisdiction." . . .
>
> Before plaintiffs can argue that the PBC is a necessary party under Rule 19, they first must establish a basis for the court's subject matter jurisdiction. By conceding that the PBC is not subject to Title VI, plaintiffs essentially have admitted that the court has no subject matter jurisdiction with respect to this claim. Therefore, the court need not even address the question of whether the PBC is a necessary party because subject matter jurisdiction, a precondition to Rule 19 joinder, is absent.

*Id.* at 1507-08 (quoting *Cherif*, 933 F.2d at 413).

The court's reasoning in *Hodges* applies with equal vigor to ACRU's claims against Defendant Cascos. ACRU has not established a basis for the Court to exercise jurisdiction over any claims against him. Whether Defendant Cascos is a proper required or permissive party is therefore irrelevant, as ACRU's concession that is not asserting a cause of action against Defendant Cascos is dispositive. Rules 19 and 20 provide no basis for Defendant Cascos to be joined in this case.

**C.     ACRU's notice to Defendant Cascos did not provide him a pre-suit opportunity to achieve compliance with the NVRA.**

Even if ACRU could survive the *Twombly* defects identified above, it still could not overcome the fact that its pre-suit notice to Defendant Cascos was insufficient as a matter of law, thereby depriving this Court of jurisdiction to hear its NVRA claims. On this point, ACRU asserts that the pre-suit letter puts Defendant Cascos on notice of a possible Section 8 violation because the letter states that there exists a statistically implausible registration rate in one Texas county. Resp. at 10. Moreover, ACRU contends that Defendant Cascos' interpretation of the pre-suit notice requirement would overburden plaintiffs by requiring them to provide a full legal analysis of their claims. *Id.* at 11 n.7. Finally, ACRU focuses on Defendant Cascos' reference to potential "statewide" voter maintenance concerns, arguing that it would have been reckless for ACRU to assert statewide problems when only a small number of counties were failing to perform proper voter list maintenance. *Id.* at 12-13.[2]

Defendant Cascos and ACRU do agree about one thing: the purpose of the pre-suit notice requirement is to provide states in violation of the Act "an opportunity to attempt compliance before facing litigation." *Ass'n of Cmty. Orgs. for Reform Now v. Miller*, 129 F.3d 833, 838 (6th Cir. 1997); Resp. at 11 (citing *Miller*). Where the parties disagree is whether ACRU's pre-suit letter here was sufficient to do just that. Defendant Cascos' point is not that the notice need take any particular form or make

---

[2] ACRU's allegation that only a few counties are purportedly experiencing voter list problems proves Defendant Cascos' point under Rule 12(b)(6) as well: ACRU cannot make this allegation yet hope to maintain a claim that the State has failed to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters." 52 U.S.C. § 20507(a)(4).

a particular allegation, but rather that it must give *some* context from which an official could reasonably infer that the State needed to bring itself into compliance with the NVRA by performing any of its obligations differently. In this regard, ACRU's pre-suit notice was totally deficient. It made no reference to any obligations imposed on the State under Section 8 or explain how, if at all, the State was violating those obligations. Read objectively, at most it put Defendant Montalvo on notice that something might be amiss in his county. But this is insufficient notice as to Defendant Cascos and his independent obligations under the NVRA. ACRU's failure to provide proper pre-suit notice is therefore a separate basis for the dismissal of this lawsuit against Defendant Cascos.

## II.    CONCLUSION

For the reasons stated above and in Defendant Cascos' Motion to Dismiss, the Court should dismiss ACRU's claims against Defendant Cascos and grant any further relief, in law or equity, to which he is justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Division Chief, General Litigation Division


/s/   *Adam N. Bitter*
ADAM N. BITTER
Tx. State Bar No. 24085070
Southern District of Texas No. 2167538
MICHAEL R. ABRAMS
Tx. State Bar No. 24087072
Southern District of Texas No. 2513900
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 475-4055; Fax: (512) 320-0667
adam.bitter@oag.texas.gov
michael.abrams@oag.texas.gov

**Counsel for Defendant Carlos H. Cascos, in his official capacity as Texas Secretary of State**

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2017, the foregoing *Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint* was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorney(s) and/or parties of record, via the CM/ECF service and/or via electronic mail.


*/s/   Adam N. Bitter*
ADAM N. BITTER
Assistant Attorney General