**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| AMERICAN CIVIL RIGHTS UNION, | ) | |
| in its individual and corporate capacities, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-00103 |
| | ) | |
| ELECTION ADMINISTRATOR | ) | |
| RAFAEL R. MONTALVO, in | ) | |
| in his official capacity, and | ) | |
| TEXAS SECRETARY OF STATE | ) | |
| ROLANDO PABLOS[1], in his | ) | |
| official capacity. | ) | |
| *Defendants*. | ) | |
| | ) | |
| _____ | ) | |

**PLAINTIFF ACRU'S SUR-REBUTTAL TO DEFENDANT PABLOS' REPLY IN
SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT,
AND PLAINTIFF ACRU'S REBUTTAL TO DEFENDANT MONTALVO'S RESPONSE
TO SECRETARY OF STATE'S MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT**

COMES NOW Plaintiff American Civil Rights Union ("ACRU"), in its individual and

corporate capacities, and respectively files its Sur-Rebuttal in response to Defendant Secretary of

State's Reply in Support of his Motion to Dismiss Plaintiff ACRU's First Amended Complaint

(Dkt. No. 58) and files ACRU's Reply to Defendant Montalvo's Response to Defendant

Secretary of State's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 56).

**ARGUMENT**

---

[1]    Pursuant to Rule 25(d) F.R.Civ.P., Texas Secretary of State Rolando Pablos in his official
capacity is automatically substituted for former Secretary of State Carlos H. Cascos.

**A.    Defendants' Arguments That They Were Not Given Sufficient Pre-Filing Notice of Their Violations of Section 8 of the NVRA Are Without Merit.**

Defendant Secretary Pablos argues that he was not given sufficient pre-filing notice, as required by 52 U.S.C. Section 20510(b)(1), and that this failure requires that he be dismissed from this suit. (Dkt. No. 58 at 6-7.) Moreover, Defendant Montalvo makes the argument that no adequate pre-filing notice was given to him or the Secretary and that the suit against him should be dismissed as well. (Dkt, No. 56 at 6-10.) Legal precedents in cases almost identical to this case have specifically ruled that the type of pre-filing notice given to Defendants by Plaintiff ACRU here satisfies the requirements of Section 20510(b)(1).

In *Voter Integrity Project NC, Inc. v. Wake County Bd. of Elections*, 2017 U.S. Dist. Lexis 23565 *1 and 4 (E.D.N.C. Feb. 21, 2017), the plaintiff brought an action very similar to the one in this case, alleging that the local board of elections had failed to conduct reasonable list maintenance, as required by Section 8 of the NVRA, 52 U.S.C. Section 20507. The plaintiff in *Voter Integrity*, as did ACRU here, sent its pre-filing notice letter to the defendant-local registration entity and in it described how the number of registrants on the Wake County rolls was greater than the number of voting eligible persons residing in the County, and forwarded a copy of the letter to the Executive Director[2] of the North Carolina State Board of Elections. *Voter Integrity* at *10 n. 4. The court in *Voter Integrity* determined that "having provided the Executive Director with a copy of the . . . letter, VIP-NC [*Voter Integrity Project NC*] satisfied its obligation to provide written notice of the violation to the chief election official." *Id.*

---

[2]    Under North Carolina law, the Executive Director of the State Board of Elections is "designated as the chief election official for purposes of the NVRA." *Voter Integrity* at *10 n. 4. Under Texas law, of course, the designated chief election official is Defendant Secretary.

Similarly, in *Bellitto v. Snipes*, ___ F.Supp.____, 2016 U.S. Dist. LEXIS 148234 *16-17 (S.D. Fla. Oct. 26, 2016), plaintiff ACRU there sent the prefiling notice letter to defendant Snipes, who is the local Supervisor of Elections in Broward County, Florida, and forwarded a copy of that letter to the Florida Secretary of State. *Id.* at *17. Defendant Supervisor Snipes moved to dismiss the complaint for plaintiff's lack of standing, but the court in *Bellitto* denied that motion, stating that the "ACRU sent a copy of the Notice to the Florida's Secretary of State, the 'chief election official of Florida.'" *Id.* at *18. In reaching that conclusion, the *Bellitto* court relied upon the ruling in *American Civil Rights Union v. Martinez-Rivera,* 166 F. Supp. 3d 779 (W.D. Tex. 2015). *Bellitto* at *12. *Martinez-Rivera,* a case arising in Zavala County, Texas, involved the same type of allegations that are involved in *Voter Integrity* and *Bellitto* and are involved in the present case, *i.e.*, that "the voter rolls for Zavala County have more registered voters than there are citizens in the County who are eligible to vote." *Id.* at 785. The pre-filing notice letter was primarily addressed to the "Zavala County Clerk[3]," and it, like the notice letters in *Voter Integrity* and *Bellitto*, was found to provide sufficient notice, as required Section 20510(b)(1), to the Texas Secretary of State. "The letter gives the Defendant enough information to diagnose the problem." *Martinez-Rivera* at 795.

Accordingly, Plaintiff ACRU has here pointed to three well-reasoned and persuasive district court opinions that specifically address the prefiling notice issue. All three of those cases were brought under Section 8 of the NVRA and are very much like the present case, and in all

---

[3]   The undersigned attorneys Adams and Coates who represented the ACRU in *Martinez-Rivera* case, represent to this Court that the Texas Secretary of State was sent a "cc" copy of the notice letter in *Martinez- Rivera*. *See* Exhibit A to Defendant's Answer, *American Civil Rights Union v. Martinez-Rivera*, No. 2:14-cv-00026 (W.D. Tex. June 2, 2014) (Dkt. 12-1). The district court opinion in *Martinez-Rivera*, however, did not mention that fact.

three cases, courts approved of the pre-filing notice procedure used here, *i.e.*, sending a "cc" copy to the designated chief election official was determined to be legally sufficient notice.

      Both Defendants cite to *Scott v. Schedler*, 771 F.3d 831 (5th Cir. 2014), (Dkt. No. 55 at 8 and Dkt. No. 56 at 7) as authority that indicate that the pre-filing notice here was not legally sufficient. However, *Scott* is not on point for two reasons. First, *Scott* is a case brought under Section 7, and not Section 8, of the NVRA. Second and most importantly, *Scott* involved a potential plaintiff who had not given notice to anyone and who tried to "piggyback" off the notice given by another plaintiff in that case. Plaintiff here is not trying to "piggyback" off of anyone else's notice letter. The question is not whether Plaintiff ACRU sent a notice letter to Defendant Montalvo with a "cc" copy to Defendant Secretary; it did so when it mailed the December 23, 2015 letter of Susan Carleson. (Dkt. No. 46 at 20-23.) The question is whether that notice letter was legally sufficient. Defendants have not cited any cases directly on point on the pre-filing notice issue here.

      Plaintiff respectfully ask this Court to consider the reasoning applied in the rulings on this specific issue in *Voter Integrity, Bellitto,* and *Martinez-Rivera* and reject Defendants' motions to dismiss on the ground that sufficient pre-filing notice was not given to both Defendants here.

**B.**    **The Amended Complaint Satisfies *Twombly's* Plausibility Requirement.**

      Secretary Pablos argues that in the Amended Complaint, ACRU does not satisfy *Twombly's*[4] plausibility requirement. (Dkt. No. 58 at 2.) Similarly, Supervisor Montalvo

---

[4]  In *Bell Atlantic Corporation v. Twombly***,** 550 U.S. 544 (2007), the Supreme Court addressed whether the plaintiffs in a case brought under the Sherman Act, 15 U.S.C. §1, had made allegations in their complaint that contained "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Having concluded that the plaintiffs had not satisfied this "plausibility" standard, the Court in *Twombly* ruled that the complaint at issue there must be dismissed. *Id.*

contends that in the First Amended Complaint, Plaintiff failed to allege sufficient facts to support a Section 8 violation. (Dkt. No. 56 at 9). Instead per Defendant Montalvo, the Plaintiff only "makes allegations regarding the number of registered voters in Starr County as compared with the estimates regarding the County's eligible voting population." *Id.*

But again, several of the previously cited district court opinions on point held that this type of statistically-based allegations are indeed very probative in cases arising under Section 8 and do materially assist in satisfying the *Twombly* plausibility standard. *See Martinez-Rivera*, 166 F. Supp. 3d at 793-94 ("The high registration rate in Zavala County creates a strong inference that the Defendant has neglected her duty to maintain an accurate and current voter registration roll."); and *Voter Integrity Project NC*, 2017 U.S. Dist. LEXIS 23565 *9, 13, 18 (from high registration rate of 104% and the failure to use jury excuse information, "a reasonable inference can be drawn that . . . [defendant] is not making a reasonable effort to conduct a voter list maintenance program."). *See also*, *Bellitto v. Snipes,* 2016 U.S. Dist. LEXIS at *23.

In Plaintiff's First Amended Complaint, it is alleged that during the 2010 to 2016 period the number of persons registered in Starr County exceeded the number of citizens of voting age who resided in the County. (Dkt. No. 46 at 13-14.) In 2014 to 2016 period, the rate of registration was 107%, in 2012 the rate was 110%, and in 2010 it was 105%. *Id.* Thus, Plaintiff has made the very type of statistically-based comparison allegations that the afore-cited district court cases say satisfy *Twombly* "plausibility" standard, and Defendants' argument that they should have the case dismissed on *Twombly* grounds should be rejected.

**C.    Defendant Secretary Pablos Can Be Joined as a Party-Defendant in This Case, Pursuant to Rule 19 and 20 of the Federal Rules of Civil Procedure, Both To Ensure That Full Relief Is Granted to Plaintiff ACRU and Because Secretary Pablos Has Claimed An Interest Relating to the Subject of This Action That Might Be Impaired In His Absence.**

Secretary Pablos argues that he cannot properly be joined in this action as a party-defendant unless the plaintiff alleges a cause of action against him. (Dkt, No. 58 at 3-5.) Although the general rule in some of the circuits, including the Fifth Circuit, appears to prohibit joinder if no cause of action is alleged against a particular party-defendant, there are established exceptions set forth in Rule 19(a)(1)(A) and (a)(1)(B).

First, as previously argued by Plaintiff, the U.S. Supreme Court has found that one of the exceptions is where the party not in violation is needed to ensure that full relief is granted in the event a liability finding is entered against another party. (*See* Dkt. No. 57 at 5-8.) *See International Brotherhood of Teamsters*, 431 U.S. 324, 356, n. 43 (1977); *Zipes v. Trans World Airlines, Inc*, 455 U.S. 385, 399-400 (1982); and *General Building Contractors Assoc. Inc. v. Pennsylvania*, 458 U.S. 375 399 (1982). (None of these precedents has been overruled by the Supreme Court). Plaintiff's allegations in the First Amended Complaint show that pursuant to the Texas Election Code, the Secretary plays a vital role in ensuring that local registers carry out their responsibilities regarding voter registration matters. (Dkt. No. 46 at 12-13.) In addition, Plaintiff specifically seeks injunctive relief here "[e]njoining the Secretary from failing to carry out any of the coordination and supervisory duties that he is required to do" that "would help ensure that reasonable maintenance" is carried out by Defendant Montalvo." (*Id.* at 18.) This Court has the authority under the Supreme Court rulings cited above to enter such limited and

6

ancillary relief directed against Defendant Pablos without Plaintiff alleging a separate cause of action against the Secretary.[5]

Second, Rule 19(a)(1)(B) provides another independent ground for the joinder of the Secretary in this case. That portion of Rule 19 provides that a party "must be joined" if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" have certain consequences. *See* Plaintiff's arguments on this issue previously set forth at Dkt. No. 57 at 8-9.

In making his argument regarding why Rules 19 and 20 will not allow the joinder of a party who does not have a cause of action alleged against him, Defendant Secretary relies upon *Hodges by Hodges v. Public Building Commission of Chicago*, 864 F. Supp. A493 (N.D. Ill 1994). (Dkt. No. 58 at 4-5.) However, the parties who could not be joined in *Hodges* were parties who were not subject to suit under the federal statute (Title VI of the 1964 Civil Rights Act) that the plaintiffs had sued under in that case. (Dkt. No. 58 at 4-5.) Here, there is no question the Texas Secretary of State is covered by the NVRA, including Section 8 of that Act. The same was true in *Vieux Carre Property Owners v. Brown*, 875 F.2d 453 (5th Cir. 1989), another precedent that Defendant Secretary relies upon on this point (Dkt. No. 58 at 3), where the Court of Appeals determined that the U.S. Army Corps of Engineers was the *only* named defendant that could be sued under the federal statute under which the suit was brought. *Id.* at 458. The Court of

---

[5]    The Secretary unsuccessfully attempts to distinguish the rulings in *International Brotherhood of Teamsters* and *General Building* on grounds that those defendants who were not found to be liable for any violation were already parties in those cases on appeal and could simply remain in the case on remand.  (Dkt. No. 58 at 4, n.1.)  With all respect, such an argument makes no sense. Quite simply, if the Supreme Court had intended to articulate a rule that no party was ever to have injunction relief entered against it unless the party in question has been shown to have committed a violation, then the remand in both *International Brotherhood of Teamsters* and *General Building* would *not* have allowed any relief against the parties there who were found not to be liable.  But the Supreme Court remand directions in those cases clearly show that injunctive relief may be permitted against non-violating parties to ensure that complete relief is afforded.

Appeals, therefore, would not allow the issuance of injunctive relief against any of the other named defendants. *Id.* Again, this precedent is distinguishable from this case because Defendant Secretary is covered by the NVRA.

Accordingly, Defendant Pablos's arguments that Rule 19 and 20 does not allow the joinder of him because Plaintiff has not alleged a cause of action[6] against him should be rejected.

**D.  Defendant Montalvo Is Not Entitled to Have This Suit Dismissed Against Him Because Plaintiff Did Not First Pursue a Section 8 NVRA Enforcement Action Against Defendant Secretary Pablos.**

Although Plaintiff ACRU has now amended its complaint and is attempting to add the Secretary as a party-Defendant, Election Supervisor Montalvo continues to press the argument that the Secretary must be sued first and that a suit against the Defendant Montalvo "is not ripe for litigation because Plaintiff has failed to pursue enforcement of the State of Texas's obligations under the NVRA through a suit against the Secretary." (Dkt. No. 56 at 6.) Even if Plaintiff is not successful in joining, as it is attempting to do, Secretary Pablos in this action, Defendant Montalvo is not entitled to have the action dismissed against him because of the applicable precedents on this point.

In *Martinez-Rivera,* the defendant-Zavala Tax Assessor-Collector and Registrar, made the argument that the "Plaintiff failed to sue the proper party; the Texas Secretary of State." 166

---

6   In Plaintiff's view the difficulty in alleging a specific cause of action against Defendant Pablos is that Plaintiff does not have specific information that the Secretary has failed to take actions the NVRA requires him to take regarding list maintenance in Starr County.  However, Plaintiff continues to believe, as this memorandum indicates, that the Secretary can be joined in this action to ensure that Plaintiff obtains complete relief.

F. Supp.3d at 791.The district court in *Martinez-Rivera* first noted that Texas law "imposes a host of other duties on county voter registrars. *Id.* at 792.[7] And then it went on to state,

> This Court is unwilling to dismiss the instant Complaint on standing grounds for failure to join the Secretary of State. As previously noted, the Tax Assessor-Collector has certain obligations under the NVRA as the designated voter registrar and state official. If the Defendant has failed to meet her obligations, ACRU can bring a civil suit against her.

*Id.* at 793.

Likewise, in the *Bellitto v. Snipes,* 2016 U.S. Dist. LEXIS 148234, * (S.D. Fla. Oct. 26, 2016), the district court there observed that "Defendant Snipes has certain obligation under the NVRA" and that she "[i]s designated by Florida law to maintain the voter rolls in Broward County," *id.* at *14-15. The *Bellitto* court then in reliance upon the ruling in *Martinez-Rivera*, determined that it would not dismiss the suit because of plaintiff's failure to sue the Florida Secretary of State in that case. *Id.* at *12. *Accord*, *Voter Integrity Project NC, Inc. v. Wake County Bd. of Elections*, 2017 U.S. Dist. Lexis 23565 *6-7 (E.D.N.C. Feb. 21, 2017) (the local registration board found to be proper party based upon its "explicit list maintenance obligations.").

Accordingly, this suit against Defendant Montalvo should be allowed to proceed, whether or not Plaintiff's efforts to add the Defendant Secretary to the case are ultimately successful.

## CONCLUSION

For the afore-mentioned reasons, it is respectfully submitted that this Court should deny Defendant's motions to dismiss the First Amended Complaint and grant any further relief, in law equity, to which Plaintiff ACRU is justly entitled.

Respectfully submitted this *27th* day of February, 2017,

---

[7]  As extensively set forth in the First Amended Complaint, Plaintiff ACRU in this case has alleged a multitude of voter registration responsibilities that local registrars have under Texas law.  (*See* Dkt. No. 46 at 9-12.)

*/s/ Eric Wiesehan*

_____

Eric Wiesehan
Wiesehan Law Firm, PLLC
P.O. Box 720938
McAllen, TX 78504
Tel: (956) 207-2795
Fax: (866) 311-5445
wiesehanlaw@gmail.com

H. Christopher Coates*
LAW OFFICE of H. CHRISTOPHER COATES
934 Compass Point
Charleston, South Carolina 29412
Tel: (843) 609-7080
curriecoates@gmail.com

J. Christian Adams*
PUBLIC INTEREST LEGAL FOUNDATION
300 N. Washington Street, Ste. 405
Alexandria, VA 22314
(317) 203-5599
adams@publicinterestlegal.org

Kaylan L. Phillips*
PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington, Suite 1675
Indianapolis, IN  46204
(317) 203-5599
Tel: (317) 203-5599
Fax: (888) 815-5641

kphillips@publicinterestlegal.org

*  Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2016, I caused the foregoing to be filed with the

United States District Court for the Southern District of Texas via the Court's CM/ECF system,

which will serve all registered users.


Dated: February 27, 2016


*/s/ Eric Wiesehan*

_____

Eric Wiesehan

wiesehanlaw@gmail.com