IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, § <br> in its individual and corporate capacities, § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> ELECTION ADMINISTRATOR § <br> RAFAEL R. MONTALVO, in his official § <br> capacity; and TEXAS SECRETARY OF § <br> STATE ROLANDO PABLOS, in his § <br> official capacity, § <br> *Defendants.* § | Civil Action No. 7:16-CV-00103 |

## DEFENDANT ROLANDO PABLOS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE RICARDO H. HINOJOSA:

Defendant Rolando Pablos,[1] in his official capacity as the Texas Secretary of State ("Defendant Pablos"), respectfully files his Answer to Plaintiff's First Amended Complaint ("Amended Complaint").

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Pablos denies each and every allegation contained in the Amended Complaint except for those expressly admitted herein. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Amended Complaint. Those titles and

---

[1] Rolando Pablos is the current Texas Secretary of State, succeeding Carlos Cascos on January 5, 2017. Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Pablos is automatically substituted in place of Mr. Cascos as a party to this lawsuit in his official capacity.

1

headings are reproduced in this Answer for organizational purposes only, and Defendant Pablos does not admit any matter contained therein.

Defendant Pablos states that no response is required to Plaintiff's unnumbered introductory statement summarizing the nature of the lawsuit. To the extent that the unnumbered introductory statement purports to contain any factual allegations, Defendant Pablos denies the allegations contained therein. Defendant Pablos responds to the specifically numbered allegations of the Amended Complaint as follows:

1. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 1 with respect to Defendant Montalvo, and on that basis denies those allegations in their entirety. The remaining allegations in Paragraph 1 contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos denies the remaining allegations in this Paragraph. Defendant Pablos further denies that any injunctive relief against Defendant Pablos is warranted and maintains that all conduct of the Secretary of State has been consistent with applicable law.

## JURISDICTION AND VENUE

2. Paragraph 2 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos

admits that, as a general matter, 28 U.S.C. § 1331 grants this Court jurisdiction to hear federal questions. Defendant Pablos denies that the Secretary of State has committed any violation of applicable law or that Plaintiff has otherwise demonstrated this Court's subject matter jurisdiction over any claims against Defendant Pablos.

3. Paragraph 3 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos admits that, as a general matter, 28 U.S.C. § 1391(b) addresses the appropriate venue for cases over which this Court may have jurisdiction, including that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Defendant Pablos denies that the Secretary of State has committed any violation of applicable law.

## PLAINTIFF ACRU

4. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

5. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

6. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

7. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

8. Paragraph 8 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

9. Paragraph 9 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

10. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

11. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

**DEFENDANT-ELECTION ADMINISTRATOR MONTALVO**

12. Defendant Pablos admits the allegations contained in this Paragraph.

13. Paragraph 13 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos admits that Section 8 of the NVRA provides that "each State shall . . . conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant . . . ." 52 U.S.C. § 20507(a)(4)(A)-(B). Defendant Pablos denies the remaining allegations contained in this Paragraph.

14. Paragraph 14 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos admits that 52 U.S.C. § 20507(d)(3) provides that a "voting registrar shall correct an official list of eligible voters in elections for Federal office in accordance with change of residence information obtained in conformance with this subsection." Defendant Pablos denies the remaining allegations in Paragraph 14.

15. Paragraph 15 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos admits that 52 U.S.C. § 21083(a)(2)(A) provides that "[t]he appropriate State or local election officials shall perform list maintenance with respect to the computerized list on a regular basis . . ." Defendant Pablos denies the remaining allegations in this Paragraph.

16. Paragraph 16 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos admits that this Paragraph, including subparts (a)-(*l*) thereto, summarizes and/or recites provisions of the Texas Election Code. To the extent that this Paragraph (or any of its subparts) contains Plaintiff's characterizations of Texas Election Code provisions, Defendant Pablos denies those characterizations and contends that the provisions speak for themselves. Defendant Pablos denies the remaining allegations in this Paragraph.

17. Paragraph 17 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent a response is deemed necessary, Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

## DEFENDANT-SECRETARY OF STATE PABLOS

18. Paragraph 18 contains assertions of law, conclusory statements, and argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos admits that 52 U.S.C. § 20509 provides that "each State shall designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under this chapter." Defendant Pablos admits that Defendant Pablos is the designated State officer for the State of Texas concerning coordination of supervisory duties and responsibilities under the NVRA. With respect to the second sentence of this Paragraph, Defendant Pablos lacks sufficient information to form a belief about the allegation regarding Plaintiff's purpose in naming Defendant Pablos in this lawsuit, and on that basis denies this allegation in its entirety. Defendant Pablos denies that the Secretary of State has committed any violation of applicable law and otherwise denies the remaining allegations in this Paragraph.

19. Paragraph 19 contains assertions of law, conclusory statements, and argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos admits that this Paragraph summarizes and/or recites provisions of the Texas Election Code. To the extent that this Paragraph contains Plaintiff's characterizations of Texas Election Code provisions, Defendant Pablos denies those characterizations and contends that the provisions speak for themselves.

20. Paragraph 20 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos admits that this Paragraph recites provisions of the Texas Election Code. To the extent that this Paragraph contains Plaintiff's characterizations of Texas Election Code provisions, Defendant Pablos denies those characterizations and contends that the provisions speak for themselves.

21. Defendant Pablos denies the allegations in this Paragraph.

## FACTUAL BACKGROUND

22. Paragraph 22 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant Pablos admits that 52 U.S.C. § 20507(i)(1) provides that "[e]ach State shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters . . ." Defendant Pablos denies the remaining allegations in this Paragraph.

23. Defendant Pablos admits that according to the Secretary of State's website, in 2014, Starr County had 30,198 registered voters. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the remaining allegations in their entirety.

24. Defendant Pablos admits that according to the Secretary of State's website, in 2010, Starr County had 29,114 registered voters. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the remaining allegations in their entirety.

25. Defendant Pablos admits that according to the Secretary of State's website, in 2012, Starr County had 30,627 registered voters. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the remaining allegations in their entirety.

26. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

27. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

28. Defendant Pablos admits that the Secretary of State was forwarded a copy of the letter that is described in this Paragraph. Defendant Pablos admits that this Paragraph summarizes and/or recites a portion of that letter. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, including the

truth of the allegations contained in the letter referenced in this Paragraph, and on that basis denies the remaining allegations in their entirety.

29. Defendant Pablos admits that this Paragraph summarizes and/or recites a portion of the letter attached as Exhibit A to the Amended Complaint. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, including the truth of the allegations contained in the letter referenced in this Paragraph, and on that basis denies the remaining allegations in their entirety.

30. Defendant Pablos admits that this Paragraph summarizes and/or recites a portion of the letter attached as Exhibit A to the Amended Complaint. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, including the truth of the allegations contained in the letter referenced in this Paragraph, and on that basis denies the remaining allegations in their entirety.

31. Defendant Pablos admits that this Paragraph recites a portion of the letter attached as Exhibit A to the Amended Complaint. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, including the truth of the allegations contained in the letter referenced in this Paragraph, and on that basis denies the remaining allegations in their entirety.

32. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

33. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

34. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

35. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

## COUNT I

**(Violation of the NVRA: Failure to Conduct List Maintenance)**

36. Defendant Pablos repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

37. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

38. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

39. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

40. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

## COUNT II

### (Violation of the NVRA: Failure to Produce Records and Data)

41. Defendant Pablos repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

42. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

43. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

44. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

45. Defendant Pablos lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

## PRAYER FOR RELIEF

1 – 6. Paragraphs 1-6 contain Plaintiff's recitation of the relief sought in this action, assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that Paragraphs 1-6 purport to contain any factual allegations requiring a response, Defendant Pablos denies those allegations in their entirety. Defendant Pablos further denies that any relief is appropriate or warranted with respect to Defendant Pablos.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Defendant Pablos asserts the defense of Eleventh Amendment immunity to all claims to which that defense applies.

2. Defendant Pablos asserts that Plaintiff lacks standing to pursue any of his claims against Defendant Pablos.

3. Defendant Pablos asserts that Plaintiff has failed to state a claim upon which relief can be granted.

4. Defendant Pablos asserts that he has fully complied with all applicable laws.

5.  Defendant Pablos reserves the right to raise additional affirmative defenses as they become apparent during the development of the case.

## **PRAYER**

For the foregoing reasons, Defendant Pablos asks the Court to enter judgment that Plaintiff takes nothing, dismiss Plaintiff''s suit with prejudice, assess costs against Plaintiff, and award Defendant Pablos all other relief the Court deems appropriate.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Division Chief, General Litigation Division


/s/   *Adam N. Bitter*
ADAM N. BITTER
Tx. State Bar No. 24085070
Southern District of Texas No. 2167538
MICHAEL R. ABRAMS
Tx. State Bar No. 24087072
Southern District of Texas No. 2513900
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 475-4055; Fax: (512) 320-0667
adam.bitter@oag.texas.gov
michael.abrams@oag.texas.gov

***Counsel for Defendant Rolando Pablos, in his official capacity as Texas Secretary of State***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March, 2017, the foregoing *Defendant Rolando Pablos' Answer to Plaintiff's First Amended Complaint* was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorney(s) and/or parties of record, via the CM/ECF service and/or via electronic mail.

/s/   *Adam N. Bitter*
ADAM N. BITTER
Assistant Attorney General