IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, in its individual and corporate capacities, <br><br> *Plaintiff*, <br><br> v. <br><br> ELECTION ADMINISTRATOR JOHN RODRIGUEZ, in his official capacity; and TEXAS SECRETARY OF STATE ROLANDO PABLOS, in his official capacity, <br><br> *Defendants.* | Civil Action No. 7:16-cv-00103 |

**AMENDED** JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. Describe the proposed agreed discovery plan, including:

**When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will send additional interrogatories to the Defendant Election Administrator Rodriguez within the three months of the adoption of the plan by the Court.

**When and to whom the defendant anticipates it may send interrogatories.**

Defendant Secretary of State anticipates sending interrogatories to Plaintiff and Defendant Election Administrator within the next three months.

**Of Whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the depositions of the Defendant, Defendant employees, predecessors in interest, Texas voters and officials from Starr County. Plaintiff anticipates taking depositions in the four months following the Defendant's responses to its discovery requests.

1

**Of Whom and by when the defendant anticipates taking oral depositions.**

Defendant Starr County Elections Administrator anticipates taking depositions of Plaintiff's directors, board members, officers, representatives, and any Texas members of Plaintiff's organization who are alleged to have suffered harm in this case. Defendant anticipates taking these depositions as soon as possible after they are disclosed by Plaintiff.

Defendant Secretary of State anticipates taking the depositions of anyone who is deposed by Defendant Election Administrator (including any individuals identified above), as well as anyone identified by Plaintiff or Defendant Election Administrator in their respective disclosures, within three months of the disclosure of any such individuals.

**When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide the requisite reports at least 120 days before the date set for trial.

To the extent Defendant Secretary of State designates any expert(s) in this case, it anticipates making such designation within 60 days of any expert designation by Plaintiff.

**List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff will take expert depositions of any expert designated by the Defendant.

**List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (expert report).**

Defendant Starr County Elections Administrator and Defendant Secretary of State will take expert depositions of any expert designated by the Plaintiff. Such a deposition shall not occur earlier than 30 days after such witness has been disclosed. However, if Rule 26(a)(2)(B)

requires a report from the expert, the deposition may be conducted only 30 days after the report is provided.

**Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiff has served discovery requests upon Defendant Election Administrator. Defendant Election Administrator has responded in part and stated that inspection of documents may take place at a mutually agreeable day and time. Plaintiff has begun the inspection of documents related to its First Set of Discovery requests but needs additional time to finish. Plaintiff anticipates conducting the inspection within the next 60 days.

Defendant Election Administrator has served discovery requests upon both Plaintiff and Defendant Secretary of State, to which Plaintiff and Defendant Secretary of State have responded.

**State the date the planned discovery can reasonably be completed.**

For factual discovery, April 1, 2018.

**Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff believes that a prompt settlement is feasible and in both parties' best interests. On March 30, 2017 and again on June 22, 2017, Plaintiff sent counsel for the Defendants an offer of settlement outlining its proposal of a remedial plan of the sort implemented in other counties pursuant to consent decrees in similar cases would resolve this dispute and remedy the underlying circumstances which gave rise to the litigation.

Defendant Rodriguez has not responded to Plaintiff's letter.

Defendant Secretary of State agrees that a resolution of this case is feasible. Defendant Secretary of State has discussed, and will continue to discuss, ways that the parties may be able to achieve a successful and mutually agreeable settlement of Plaintiff's claims.

3

**Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff:

Even prior to filing the lawsuit, the ACRU sought a curative policy in consultation with Defendant Election Administrator. Plaintiff believes that the implementation of a variety of best practices by Defendant Election Administrator, best practices which Plaintiff discussed with the Defendant prior to the filing of this lawsuit, would remedy the underlying circumstances which gave rise to this lawsuit. Plaintiff has emphasized to Defendant Election Administrator in various conferences since that implementation of a variety of best practices currently not being utilized by the Defendant would both resolve this lawsuit and likely cure the underlying circumstance which gave rise to this lawsuit.

Defendants:

Defendant Starr County Elections Administrator met with Plaintiff's representative in January of 2016. Plaintiff's representative requested certain public documents but left town before copies of the documents were produced. On March 4, 2016, this action was filed by Plaintiff. Other than general offers to enter into a Consent Decree, Plaintiff has offered no useful or specific instances of wrongdoing by the Starr County Elections Administrator. "Best Practices" were not discussed between the parties and therefore no settlement offer can be accepted because Plaintiff has offered no specific complaints.

Defendant Starr County Elections Administrator produced the documents originally requested by Plaintiff's representative. Defendant has also produced the voting rolls and paper records of each canceled voter for the past 4 years. Defendant has also answered any questions asked by Plaintiff while producing these documents, including how Defendant maintains the Starr County voting rolls. Plaintiff has been forthcoming with all information in its possession.

Defendant Secretary of State agrees that a resolution of this case is feasible. Defendant Secretary of State has discussed, and will continue to discuss, ways that the parties may be able to achieve a successful and mutually agreeable settlement of Plaintiff's claims.

Respectfully submitted,

| | |
|---|---|
| Eric Wiesehan | __/s/ Philip B. Arnold  (by permission)_____ |
| Wiesehan Law Firm, PLLC | James P. Allison  SBN: 01090000 |
| P.O. Box 72093 | j.allison@allison-bass.com |
| McAllen, Texas 78504 | J. Eric Magee  SBN: 24007585 |
| Tel: (956) 207-2795 | e.magee@allison-bass.com |
| Fax: (866) 311-5445 | Philip B. Arnold  SBN: 24044710 |
| wiesehanlaw@gmail.com | p.arnold@allison-bass.com |
| | ALLISON, BASS & MAGEE, L.L.P. |
| H. Christopher Coates* | A.O. Watson House  402 W. 12th Street  Austin, Texas 78701 |
| Law Office of H. Christopher Coates | |
| 934 Compass Point | (512) 482-0701 telephone |
| Charleston, South Carolina 29412  Tel: (843) 609-7080 | (512) 480-0902 facsimile |
| curriecoates@gmail.com | **Counsel for Defendant Election Administrator of Starr County** |

J. Christian Adams*
Public Interest Legal Foundation
300 N. Washington Street, Ste. 405
Alexandria, VA 22314
(317) 203-5599
adams@publicinterestlegal.org

 _/s/ Kaylan L. Phillips_____
Kaylan L. Phillips*
Public Interest Legal Foundation
32 E. Washington Street, Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
kphillips@publicinterestlegal.org

**Counsel for Plaintiff**

*Admitted Pro Hac Vice

5

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General
for Civil Litigation

ANGELA V. COLMENERO
Division Chief,
General Litigation Division

*/s/ Michael R. Abrams (by permission)*
ADAM N. BITTER
Tx. State Bar No. 24085070
S.D. ID No. 2167538
MICHAEL R. ABRAMS
Tx. State Bar No. 24087072
S.D. ID No. 2513900
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 475-4055
Fax: (512) 320-0667
adam.bitter@oag.texas.gov
michael.abrams@oag.texas.gov

**Counsel for Defendant
Rolando Pablos, in his official
capacity as Texas Secretary of State**

## CERTIFICATE OF SERVICE

     I hereby certify that on July 31, 2017, I caused the foregoing to be filed with the United States District Court for the Southern District of Texas via the Court's CM/ECF system, which will serve all registered users.

Dated: July 31, 2017

                                            */s/ Kaylan L. Phillips*
                                            Kaylan L. Phillips