# EXHIBIT

# A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION,<br>in its individual and corporate capacities,<br><br>*Plaintiff*,<br><br>v.<br><br>ELECTION ADMINISTRATOR<br>RAFAEL R. MONTALVO, in<br>in his official capacity, and<br>TEXAS SECRETARY OF STATE<br>CARLOS H. CASCOS, in his<br>official capacity.<br>*Defendants*. | Civil Action No. 7:16-cv-00103 |

**Plaintiff's Responses to Defendant Montalvo's First Set of Interrogatories**

To:    Defendant Election Administrator Rafael R. Montalvo, by and through his counsel of record, James P. Allison, Allison, Bass & Magee, L.L.P., A.O. Watson House, 402 W. 12th Street, Austin, Texas, 78701.

COMES NOW American Civil Rights Union, Plaintiff in the above-captioned case, and makes its Responses to Defendant Montalvo's First Set of Interrogatories pursuant to Federal Rules of Civil Procedure 26 and 33.

## INTERROGATORY NO.  1

Provide a full explanation of your contention that Defendant Montalvo has failed to make reasonable efforts to conduct voter list maintenance programs for violations of Section 8 of the National Voter Registration Act.

OBJECTION: Plaintiff objects to Interrogatory No. 1 in so far as it requires a narrative response and conclusions of law. Plaintiff further objects to the extent the information requested has already been made known to Defendant Montalvo.

1

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

Interrogatory No. 1 requests information that is set forth in Plaintiff's Complaint. For example, Plaintiff set forth in its Complaint the following information:

13. Section 8 of NVRA requires Defendant Montalvo, in conjunction with Defendant-Secretary of State, to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant . . . ." 52 U.S.C. § 20507(a)(4)(A)-(B).

14. Pursuant to 52 U.S.C. §20507(d)(3), local registrars such as the Defendant Montalvo are specifically obliged to carry out these list maintenance duties and remove ineligible voters from the rolls. "A voting registrar shall correct an official list of eligible voters in elections for Federal office in accordance with change of residence information . . . . *Id.*

15. Moreover, Defendant Montalvo has a federal obligation to maintain accurate and current voter rolls which contain the names of only eligible voters residing in Starr County. Federal law requires "local election officials [to] perform list maintenance with respect to the computerized [state] list on a regular basis." 52 U.S.C. §21083(a)(2)(A).

First Amended Complaint (Dkt. 49), ¶¶ 13-15. Also,

23. Voter rolls maintained by the Defendant Montalvo contain more voters registered to vote than there are citizens eligible to vote residing in the county. According to the Secretary's Office, in 2014 Starr County had 30,198 registered voters despite having a citizen voting age population of only 27,975, according to the United States Census Bureau. Thus, more than 107 percent of living citizens old enough to vote are registered to vote in Starr County in 2016. This 27,975 figure includes voters who are on the "suspense list." According to the Secretary, "[a]n individual on the suspense list is still a registered voter and has the same rights as a non-suspense list voter." *See*, Voter Registration, http://www.sos.state.tx.us/ elections/vr/index.shtml. These rights include the right to vote. *Id.*

24. Starr County has had longstanding problems maintaining plausible numbers of registrants on the rolls. According to the Secretary's Office, in 2010 Starr County had 29,114 registered voters despite having a citizen voting age population of only 27,615, according to the United States Census Bureau. Therefore,

approximately 105 percent of living citizens eligible to vote in Starr County were registered to vote there in 2010.

25. According Secretary's Office, in 2012 Starr County had 30,627 registered voters despite having a citizen voting age population of only 27,615, according to the United States Census Bureau. Thus, during the 2012 federal general election in Starr County about 110 percent of living citizens eligible to vote were registered.

26. Defendant Montalvo is responsible for allowing this circumstance to occur and persist over the past several election cycles. By failing to implement a program which takes reasonable steps to cure these circumstances, Defendant Montalvo has violated Section 8 of NVRA and other federal list maintenance statutes.

First Amended Complaint (Dkt. 49), ¶¶ 23-26.

As is explained in the First Amended Complaint, Plaintiff uses standard Census data to establish the total number of eligible voters. Among the data used are data from the 2010 decennial census. Plaintiff also uses American Community Survey data sets for eligible voters from the 2014 and 2012 American Community Survey datasets. For example, the most recent 2014 American Community Survey data set shows that there are 27,975 age-eligible citizens in Starr County. Contemporaneous data from the Texas Secretary of State shows that 30,198 registrants were on the Defendant's voter rolls, a rate of 107% of eligible voters. A mathematical calculation involving the total number of age-eligible citizens living in Starr County divided by the number of registrants on the rolls reveals the rate of registration. Plaintiff has provided links to all Census data used to calculate population in Starr County along with its Initial Disclosures.

Plaintiff brought a similar claim against the local election official in Zavala County, relying on the same data as Plaintiff relies on here. The court found that "[t]he high registration rate in Zavala County creates a strong inference that the Defendant has neglected her duty to maintain an accurate and current voter registration roll." *Am. Civ. Rights Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 793 (W.D. Tex. 2015). The same "strong inference" is present here.

*See also* Plaintiff's Response to Interrogatory 2 and Response to Request for Production No. 1.

**INTERROGATORY NO. 2**

Identify the specific actions that you contend are required by Defendant Montalvo to make reasonable efforts to conduct voter list maintenance programs in compliance with Section 8 of the National Voter Registration Act.

OBJECTION: Plaintiff objects to Interrogatory No. 2 in so far as it requires a narrative response and conclusions of law. Plaintiff further objects to the extent the information requested has already been made known to Defendant Montalvo.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

Section 8 broadly imposes an obligation on Defendant to conduct a reasonable list maintenance program. Defendant must "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters." 52 U.S.C.§ 20507(a)(4). A wide range of tools are available to Defendant. The NVRA mandates two separate and mandated minimum methods to cancel voter registrations if the registrants no longer reside at the registered address. The first method is the notice mailing and two-cycle wait. The second method is using postal records and actively mailing voters a notice requesting them to cancel their registration or correct their address. On information and belief, Defendant Montalvo has not utilized the United States Postal Service's National Change of Address database (NCOA), or has not used it effectively. This method described in the NVRA allows election officials to obtain the NCOA database to determine which voters may have moved. Election officials then mail these voters, through forwardable mail, a notice containing a postage

4

pre-paid card asking them to confirm their current residence address.  If no response is received, the election official must wait two federal election cycles during which the voter does not attempt to vote before the registration may be cancelled.  If the voter happens to return the card admitting they no longer live at the registered address, the registration may be cancelled immediately and very often such mailings result in significant rates of corrective cancellation. Yet it's our understanding that Defendant Montalvo has not used NCOA data.

Moreover, if Defendant Montalvo has ever used any aspect of NCOA data, he has not used it effectively.  For example, effectiveness requires regular and robust use of the data, not intermitant and haphazard use of the data. To the extent Defendant Montalvo has used any NCOA date in the past, the use has been intermitant and haphazard, not regular and robust.

Nor does it appear that Defendant Montalvo has utilized many of the other means of list maintenance available and utilized by other jurisdictions, including, but not limited to, the use of private or government databases to analyze registration records or the use of other state databases to identify registrants who are no longer eligible to vote in Starr County. The NVRA prescribes but two safe harbor methods to maintain voter rolls.  But if a registrant has died, become ineligible to vote or moved from Starr County and admits or informs Defendant Montalvo of that circumstance, the registrant may be removed immediately.  Given the information described in response to Interrogatory 1, Defendant Montalvo has not conducted a list maintenance program that has resulted in accurate and plausible registration rolls. *See also* the information provided in response to Interrogatory No. 4.

**INTERROGATORY NO.  3**

Provide a full explanation of your contention that Defendant Montalvo has failed to properly conduct voter registration or voter roll maintenance responsibilities imposed by Texas law.

OBJECTION: Plaintiff objects to Interrogatory No. 3 in so far as it requires a narrative response and conclusions of law. Plaintiff objects to the extent the information requested has already been made known to Defendant Montalvo. Further, Plaintiff objects to the expect this request is duplicative of Interrogatory No. 1.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

Given the information described in response to Interrogatories Nos. 1 and 2, Defendant Montalvo has not conducted a list maintenance program that has resulted in accurate and plausible registration rolls. Further, as set forth in Plaintiff's First Amended Complaint, "numerous Texas statutes vest the primary power to place eligible persons' names on the Starr County voter registration list and to remove ineligible names from that list solely upon Defendant Montalvo." First Amended Complaint, ¶ 16. *See also*, *id.* ¶ 16(a)-(l).

**INTERROGATORY NO. 4**

Identify the specific actions that you contend are required by Defendant Montalvo to conduct voter registration and voter roll maintenance activities in compliance with Texas law.

OBJECTION: Plaintiff objects to Interrogatory No. 4 in so far as it requires a narrative response and conclusions of law. Plaintiff objects to the extent the information requested has already been made known to Defendant Montalvo. Further, Plaintiff objects to the extent this request is duplicative of Interrogatory No. 2.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

As is explained in response to Interrogatory No. 2, there are multiple means to conduct voter roll maintenance available to Defendant Montalvo, and Defendant Montalvo has not utilized them or has not utilized them effectively. One such means, but by no means the only one, is to make direct contact with questionable registrants, either by mail, email or telephone, and seek information about their current residence, and remove those registrants upon receiving the appropriate responses permitted by the National Voter Registration Act and Texas law. Many counties across the country conduct this procedure. Starr County does not and has not, resulting in voter rolls there continuing to contain implausible registration rates. This is not the only means whereby Defendant Montalvo could ensure that Starr County's rolls are reasonably maintained. Defendant Montalvo is free to engage in a variety of remedial actions, including, but not limited to, communications with neighboring counties regarding new residents, active county mailings conducted more frequently than every two years, and cross referencing lists of registrants with various other government and commercial databases to scrub the lists on registrants who no longer reside in Starr County. All of these activities are consistent with reasonable list maintenance required by the National Voter Registration Act and are permissible under Texas law. Based on communication between Plaintiff's representative and Defendant Montalvo, *see* Plaintiff's Responses to Interrogatories Nos. 15 and 16, it appears that Defendant Montalvo utilized few, if any, of these other steps to maintain Starr County's voter rolls. The failure to take any remedial actions to cure bloated and implausible voter rolls contributes to Defendant Montalvo's liability for failing to comply with the National Voter Registration Act.

**INTERROGATORY NO. 5**

Describe all facts that support your claim that voter rolls maintained by Defendant Montalvo for Starr County contain more voters registered to vote than there are citizens eligible to vote residing in the County.

OBJECTION: Plaintiff objects to Interrogatory No. 5 in so far as it requires a narrative response and conclusions of law. Plaintiff objects to the extent the information requested has already been made known to Defendant Montalvo. Further, Plaintiff objects to the extent this request is duplicative of Interrogatory No. 1.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

*See* Plaintiff's Response to Interrogatory No. 1 and Plaintiff's First Amended Complaint, specifically paragraphs 23-25 which outline the U.S. Census information and voter registration information upon which Plaintiff relies for its allegations.

**INTERROGATORY NO. 6**

Identify all the voters registered to vote in Starr County from 2010 through 2016 who you claim are/were not eligible to vote in the County.

OBJECTION: Plaintiff objects to Interrogatory No. 6 in so far as it is unduly burdensome and overbroad. Plaintiff further objects to the extent the information requested is in the control of Defendant Montalvo.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

Plaintiff lacks present knowledge to respond to Interrogatory No. 6 until such time as Defendant provides requested documents related to registrants on the voter rolls.

**INTERROGATORY NO. 7**

Identify all Texas County voter registrars and/or elections administrators whom you believe are in violation of Section 8 of the National Voter Registration Act.

OBJECTION: Plaintiff objects to Interrogatory No. 7 in so far as it is unduly burdensome, overbroad, and it constitutes an impermissible fishing expedition that is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request is not proportional to the needs of this case and could not plausibly lead to relevant information. Plaintiff's allegations concern the activities of Defendant Montalvo in Starr County. This request is not reasonably tailored to request only matters relevant to this lawsuit. Further, this request is not limited to the subject matter of this lawsuit and is not limited to a particular time period that is reasonably related to claims involved in this suit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8**

Identify all Texas County voter registrars and/or elections administrators to whom you have sent communications alleging violations of Section 8 of the National Voter Registration Act.

OBJECTION: Plaintiff objects to Interrogatory No. 8 in so far as it is unduly burdensome, overbroad, and it constitutes an impermissible fishing expedition that is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request is not proportional to the needs of this case. Plaintiff's allegations concern the activities of Defendant Montalvo in Starr County. This request is not reasonably tailored to request only matters relevant to this lawsuit. Further, this request is not limited to the subject matter of this lawsuit and is not limited to a particular time period that is reasonably related to claims involved in this suit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff objects to the extent this request is duplicative of Interrogatory No. 7.

9

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

Plaintiff has sent letters to the following Texas counties raising concerns about voter roll list maintainance:

1. Bordon County

2. Brooks County

3. Culberson County

4. Duval County

5. Foard County

6. Irion County

7. Jim Hogg County

8. Kenedy County

9. Loving County

10. Maverick County

11. McMullen County

12. Oldham County

13. Polk County

14. Roberts County

15. Stonewall County

16. Terrell County

17. Throckmorton County

18. Trinity County

19. Upton County

20. Zavala County

See also Plaintiff's Response to Request for Production No. 2.

**INTERROGATORY NO. 9**

Identify each Texas county for which you contend the number of registered voters exceeds the number of citizens eligible to vote residing in the county.

OBJECTION: Plaintiff objects to Interrogatory No. 9 in so far as it is unduly burdensome, overbroad, and it constitutes an impermissible fishing expedition that is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request is not proportional to the needs of this case. Plaintiff's allegations concern the activities of Defendant Montalvo in Starr County. This request is not reasonably tailored to request only matters relevant to this lawsuit. Further, this request is not limited to the subject matter of this lawsuit and is not limited to a particular time period that is reasonably related to claims involved in this suit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects that this request seeks information that is obtainable by Defendant Montalvo from convenient, publicly-available sources. Further, Plaintiff objects to the extent this request is duplicative of Interrogatory Nos. 7 and 8.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

Plaintiff incorporates by references its Initial Disclosures and Response to Interrogatory No. 1. Specifically, Plaintiff has provided Defendant Montalvo with information pertaining to

11

the publicly-available data that he may ulitize to identify the Texas counties where the number of

registered voters exceeds the number of citizens eligible to vote residing in the county.

**INTERROGATORY NO. 10**

Identify all of the Plaintiff's members mentioned in the Declaration of Susan Carleson
that was attached as Exhibit "A" to Plaintiff's Response in Opposition to Defendant Montalvo's
First Amended Motion to Dismiss.

OBJECTION: Plaintiff objects to Interrogatory No. 10 in so far as it is unduly burdensome,

overbroad, and it constitutes an impermissible fishing expedition that is outside the scope

permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request

is not proportional to the needs of this case. Plaintiff's allegations concern the activities of

Defendant Montalvo in Starr County. This request is not reasonably tailored to request only

matters relevant to this lawsuit. Further, this request is not limited to the subject matter of this

lawsuit and is not limited to a particular time period that is reasonably related to claims involved

in this suit. As such, this request seeks information that is irrelevant and not reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the

extent Defendant seeks to identify individual non-parties as well as their private contact

information in Texas who have provided financial support and/or have become members of the

Plaintiff's organization to support this case.  Plaintiff has brought this action so individual

members and supporters need not endure the costs, hardships and attention that bringing this

lawsuit individually would entail. Disclosure of the private information about these members

would not likely lead to the discovery of any relevant information, would invite abuse and the

invasion of privacy of those members and supporters, would constitute an intrusion into the

Plaintiff's rights of association and would violate and offend the reasonable expectations of

privacy and peace that members and supporters of the Plaintiff enjoy and which led to the

12

Plaintiff serving in a representative capacity as an organization advancing the interests of individual members and supporters. *See NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 78 S. Ct. 1163 (1958) (hereinafter, *NAACP v. Alabama*.)

**INTERROGATORY NO. 11**

Provide the dates of membership for all of the Plaintiff's members mentioned in the Declaration of Susan Carleson that was attached as Exhibit "A" to Plaintiff's Response in Opposition to Defendant Montalvo's First Amended Motion to Dismiss.

OBJECTION: Plaintiff objects to Interrogatory No. 11 in so far as it is unduly burdensome, overbroad, and it constitutes an impermissible fishing expedition that is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request is not proportional to the needs of this case. Plaintiff's allegations concern the activities of Defendant Montalvo in Starr County. This request is not reasonably tailored to request only matters relevant to this lawsuit. Further, this request is not limited to the subject matter of this lawsuit and is not limited to a particular time period that is reasonably related to claims involved in this suit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent Defendant seeks to identify individual non-parties as well as their private contact information in Texas who have provided financial support and/or have become members of the Plaintiff's organization to support this case.  Plaintiff has brought this action so individual members and supporters need not endure the costs, hardships and attention that bringing this lawsuit individually would entail. Disclosure of the private information about these members would not likely lead to the discovery of any relevant information, would invite abuse and the invasion of privacy of those members and supporters, would constitute an intrusion into the Plaintiff's rights of association and would violate and offend the reasonable expectations of

13

privacy and peace that members and supporters of the Plaintiff enjoy and which led to the

Plaintiff serving in a representative capacity as an organization advancing the interests of

individual members and supporters. *See NAACP v. Alabama*. Further, Plaintiff objects to the

extent this request is duplicative of Interrogatory No. 10.

**INTERROGATORY NO.  12**

Identify all ways in which you contend Defendant Montalvo's actions and omissions
have injured and/or continue to injure Plaintiffs members who are registered to vote in Texas.

OBJECTION: Plaintiff objects to Interrogatory No. 12 in so far as it is vague, overbroad and to

the extent it requires a narrative response and conclusions of law. Plaintiff objects to the extent

the information requested has already been made known to Defendant Montalvo. Further,

Plaintiff objects to the extent this request is duplicative of Interrogatory Nos. 1-5.

Subject to and without waiving the above objection(s), and while reserving the right to

supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as

follows:

A core organizational mission of the Plaintiff and Plaintiff's members is to ensure voter rolls

throughout the United States are accurate. Inaccurate rolls frustrate this core mission and impose

significant pecuniary costs on the Plaintiff and Plaintiff's supporters. Plaintiff collects election

registration data, conducts voter roll analysis, disseminates information about this analysis,

promotes election integrity and ensures that only eligible voters may participate in federal

elections. The National Voter Registration Act creates a statutory right for the Plaintiff to pursue

this mission. The less accurate the voter rolls in Starr County, the more time, effort and money

Plaintiff must spend in Starr County and other Texas counties to fulfill this core mission. *See*

*also* Plaintiff's Responses to Interrogatories Nos. 15-20 and Plaintiff's Response to Request for

Production No. 16.

**INTERROGATORY NO. 13**

Identify all of the ways in which you contend that Plaintiff has been injured by Defendant Montalvo's alleged failure to make reasonable efforts to conduct voter list maintenance programs in violation of Section 8 of the National Voter Registration Act.

OBJECTION: Plaintiff objects to Interrogatory No. 13 in so far as it is vague, overbroad and to the extent it requires a narrative response and conclusions of law. Plaintiff objects to the extent the information requested has already been made known to Defendant Montalvo. Further, Plaintiff objects to the extent this request is duplicative of Interrogatory Nos. 1-5 and 12.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

*See* Plaintiff's Response to Interrogatory No. 12. *See also* Plaintiff's Response to Request for Production No. 16.

**INTERROGATORY NO. 14**

Identify all documents that you contend were not produced by Defendant Montalvo in response to Plaintiff's request for records concerning his implementation of voter list maintenance programs under Section 8 of the National Voter Registration Act.

OBJECTION: Plaintiff objects to Interrogatory No. 14 in so far as it is vague, overbroad and to the extent it requires a narrative response and conclusions of law. Plaintiff further objects to the extent the information requested is known or has been made known to Defendant Montalvo.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

In its notice letter to Defendant Montalvo, Exhibit A to Plaintiff's First Amended Complaint, Plaintiff set forth various categories of information that it sought, including the following information:

> (a) up-dated registration data since the publication of the 20 I 5 EAC report;
> (b) records obtained from Texas's district court clerks, United States District Court clerks or other sources regarding individuals who were ineligible to serve on juries because of a lack of American citizenship;
> (c) the number of ineligible voters purged by category (e.g., dead, duplicate, ineligible) and by date:
> (d) the source agency that provided the identifying information of the purged deceased;
> (e) the date of the deceased data, meaning how fresh the deceased data was that was provided by third-party agencies;
> (f) the number of notices sent to inactive voters since the publication of the EAC report including the date, scope and contents of any countywide mailing to all registered voters:
> (g) the names of the staff in your office responsible for conducting list maintemmce obligations;
> (h) the number of ineligible voters removed for criminal conviction, if applicable, and the date of the most recent dataset contajning criminal convictions against which you compared voter lists, including communications with other agencies regarding criminal convictions;
> (i) the total number of voters registered in your county as of the date of your response;
> (j) any records indicating the use of citizenship or immigration status for list maintenance activities, including but not limited to the SAVE database; and
> (k) all list maintenance records including federal voter registration forms containing citizenship eligibility questionnaires.

Exhibit A to Plaintiff's First Amended Complaint at 2. Neither Defendant Montalvo nor his representatives provided any written responses in the meeting with Plaintiff's representative regarding the requests for information contained in the ACRU's notice letter. Plaintiff also seeks a voter data file of registrants from the Defendant, and this has not been provided. Plaintiff does not have the documents outlined in the letter and Defendant Montalvo has not provided the information.

**INTERROGATORY NO. 15**

Describe all efforts you have conducted to encourage citizens of Starr County to petition Defendant Montalvo to cure any violations of Section 8 of the National Voter Registration Act.

OBJECTION: Plaintiff objects to Interrogatory No. 15 in so far as it is unduly burdensome, overbroad, and it constitutes an impermissible fishing expedition that is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request is not proportional to the needs of this case. Plaintiff objects to this request to the extent it constitutes an intrusion into the Plaintiff's proprietary communications and offend the reasonable expectations of privacy and peace that members and supporters of the Plaintiff enjoy and which led to the Plaintiff serving in a representative capacity as an organization advancing the interests of individual members and supporters. Further, Plaintiff objects to the extent this request constitutes an intrusion into its rights of association. *See NAACP v. Alabama.*

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

Plaintiff sent a representative of the organization and conducted a conference with Defendant Montalvo to explore ways to cure list maintenance deficicines. Moreover, Plaintiff sought to encourage implementation of remedial efforts by Defendant Montalvo by the expenditure of money to pay for communications with the public about list maintenance problems in Starr County in the form of an ad in the Starr County Town Crier. Plaintiff's newspaper ad educated the public about the voter registration statistics in Starr County and encouraged public support for remedial program. *See also* Plaintiff's Response to Request for Production No. 16.

17

**INTERROGATORY NO. 16**

Describe all efforts you have conducted directly seeking a cure to any violations of Section 8 of the National Voter Registration Act in Starr County.

OBJECTION: Plaintiff objects to Interrogatory No. 16 in so far as it requires a narrative response and conclusions of law. Plaintiff objects to the extent the information requested has already been made known to Defendant Montalvo. Plaintiff objects to the extent this request is duplicative of Interrogatory No. 15.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

*See* Plaintiff's Response to Interrogatory No. 15. Plaintiff sent Defendant Montalvo a notice letter on December 23, 2015 outlining its concerns about Starr County's voter rolls and seeking further information. On January 27, 2016, a representative of Plaintiff traveled to Starr County to meet with Defendant Montalvo and discuss remedial efforts. Moreover. Plaintiff sought to encourage implementation of remedial efforts by Defendant Montalvo by the expenditure of money to pay for communications with the public about list maintenance problems in Starr County. Plaintiff's newspaper ad educated the public about the voter registration statistics in Starr County and encouraged public support for remedial program. *See also* Plaintiff's Response to Request for Production No. 16.

**INTERROGATORY NO. 17**

Identify the total amount of money you have spent in efforts to encourage citizens of Starr County to petition Defendant Montalvo to cure any violations of Section 8 of the National Voter Registration Act.

OBJECTION: Plaintiff objects to Interrogatory No. 17 in so far as it is unduly burdensome, overbroad, and it constitutes an impermissible fishing expedition that is outside the scope

18

permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request is not proportional to the needs of this case. Plaintiff objects to this request to the extent it constitutes an intrusion into the Plaintiff's proprietary communications and offend the reasonable expectations of privacy and peace that members and supporters of the Plaintiff enjoy and which led to the Plaintiff serving in a representative capacity as an organization advancing the interests of individual members and supporters. Plaintiff objects to the extent this request constitutes an intrusion into its rights of association. *See NAACP v. Alabama*. Further, Plaintiff objects to the extent this request is duplicative of Interrogatory Nos. 15-16.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

*See* Plaintiff's Response to Interrogatory No. 15. Plaintiff has spent considerable money on travel and time in meeting with and discussing possible cures and fixes with Defendant Montalvo. Plaintiff's representative travelled to Defendant Montalvo to discuss Defendant Montalvo's list maintence activities and proposed improvements to the Defendant Montalvo's program. Plaintiff incurred significant travel costs related to these efforts. Moreover, Plaintiff sought to encourage implementation of remedial efforts by Defendant Montalvo by the expenditure of money to pay for communications with the public about list maintenance problems in Starr County in the form of an ad in the Starr County Town Crier. Plaintiff's newspaper ad educated the public about the voter registration statistics in Starr County and encouraged public support for remedial program. Regarding those activities, to date, Plaintiff has expended a total of $7,799.25. *See also* Plaintiff's Response to Request for Production No. 16.

**INTERROGATORY NO. 18**

Identify the total amount of money you have spent directly seeking a cure to any violations of Section 8 of the National Voter Registration Act in Starr County.

OBJECTION: Plaintiff objects to Interrogatory No. 18 in so far as it is unduly burdensome, overbroad, and it constitutes an impermissible fishing expedition that is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request is not proportional to the needs of this case. Plaintiff objects to this request to the extent it constitutes an intrusion into the Plaintiff's proprietary communications and offend the reasonable expectations of privacy and peace that members and supporters of the Plaintiff enjoy and which led to the Plaintiff serving in a representative capacity as an organization advancing the interests of individual members and supporters. Plaintiff objects to the extent this request constitutes an intrusion into its rights of association. *See NAACP v. Alabama*. Further, Plaintiff objects to the extent this request is duplicative of Interrogatory Nos. 15-17.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

*See* Plaintiff's Response to Interrogatory No. 17. *See also* Plaintiff's Response to Request for Production No. 16.

**INTERROGATORY NO. 19**

Describe all efforts you have conducted to encourage the implementation of a systematic effort to remove any unqualified persons from Defendant Montalvo's registration records.

OBJECTION: Plaintiff objects to Interrogatory No. 19 in so far as it is unduly burdensome, overbroad, and it constitutes an impermissible fishing expedition that is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request

is not proportional to the needs of this case.. Plaintiff objects to this request to the extent it constitutes an intrusion into the Plaintiff's proprietary communications and offend the reasonable expectations of privacy and peace that members and supporters of the Plaintiff enjoy and which led to the Plaintiff serving in a representative capacity as an organization advancing the interests of individual members and supporters. Plaintiff objects to the extent this request constitutes an intrusion into its rights of association. *See NAACP v. Alabama*. Further, Plaintiff objects to the extent this request is duplicative of Interrogatory Nos. 15-18.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

*See* Plaintiff's Response to Interrogatory Nos. 16 and 17. Moroever, these efforts cannot fully commence until Defendant Montalvo has provided Plaintiff all requested data. *See also* Plaintiff's Response to Request for Production No. 16.

**INTERROGATORY NO. 20**

Identify the total amount of money you have spent to encourage the implementation of a systematic effort to remove any unqualified person from Defendant Montalvo's registration records.

OBJECTION: Plaintiff objects to Interrogatory No. 20 in so far as it is unduly burdensome, overbroad, and it constitutes an impermissible fishing expedition that is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request is not proportional to the needs of this case. Plaintiff objects to this request to the extent it constitutes an intrusion into the Plaintiff's proprietary communications and offend the reasonable expectations of privacy and peace that members and supporters of the Plaintiff enjoy and which led to the Plaintiff serving in a representative capacity as an organization advancing the interests

of individual members and supporters. Plaintiff objects to the extent this request constitutes an intrusion into its rights of association. *See NAACP v. Alabama*. Further, Plaintiff objects to the extent this request is duplicative of Interrogatory Nos. 15-19.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

*See* Plaintiff's Response to Interrogatory No. 17. Moroever, these efforts cannot fully commence until Defendant has provided Plaintiff all requested data. *See also* Plaintiff's Response to Request for Production No. 16.

**INTERROGATORY NO.  21**

Identify the remedial procedures that you contend Defendant Montalvo would not agree to adopt prior to your filing this lawsuit.

OBJECTION: Plaintiff objects to Interrogatory No. 21 in so far as it requires a narrative response and conclusions of law. Plaintiff objects to the extent the information requested has already been made known to Defendant Montalvo. Further, Plaintiff objects to the extent this request is duplicative of Interrogatory No. 16.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

*See* Plaintiff's Response to Interrogatory No. 16.

**INTERROGATORY NO.  22**

Identify the injunctive relief that you contend would redress Defendant Montalvo's alleged violations of Section 8 of the National Voter Registration Act.

OBJECTION: Plaintiff objects to Interrogatory No. 22 in so far as it requires a narrative response and conclusions of law. Plaintiff objects to the extent the information requested has already been made known to Defendant Montalvo. Plaintiff objects to the extent this request is duplicative of Interrogatory Nos. 1-4, and 16.

Subject to and without waiving the above objection(s), and while reserving the right to supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as follows:

*See* Plaintiff's Responses to Interrogatory Nos. 2 and 4.

**INTERROGATORY NO. 23**

Identify every communication between you and the Office of the Texas Secretary of State from January 2010 to the present that concerns or is related to compliance or violation of Section 8 of the National Voter Registration Act.

OBJECTION: Plaintiff objects to Interrogatory No. 23 in so far as it is unduly burdensome, overbroad, and it constitutes an impermissible fishing expedition that is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Further, Plaintiff objects that this request is not proportional to the needs of this case. Plaintiff's allegations concern the activities of Defendant Montalvo in Starr County. This request is not reasonably tailored to request only matters relevant to this lawsuit. Further, this request is not limited to the subject matter of this lawsuit and is not limited to a particular time period that is reasonably related to claims involved in this suit. As such, this request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it constitutes an intrusion into the Plaintiff's proprietary communications and offend the reasonable expectations of privacy and peace that members and supporters of the Plaintiff enjoy and which led to the Plaintiff serving in a representative capacity as an organization advancing

23

the interests of individual members and supporters. Plaintiff objects to the extent this request

constitutes an intrusion into its rights of association and ability to petition the Government for

grievances.

Subject to and without waiving the above objection(s), and while reserving the right to

supplement in accordance with the Federal Rules of Civil Procedure, Plaintiff answers as

follows:

*See* Plaintiff's Response to Request for Production No. 2.

**INTERROGATORY NO. 24**

Identify every communication between you and the Office of the Texas Governor from
January 2010 to the present that concerns or is related to compliance or violation of Section 8 of
the National Voter Registration Act.

RESPONSE: None exist.

Respectfully submitted this 5th day of December, 2016.

J. Christian Adams*
Kaylan L. Phillips*
PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington
Suite 1675
Indianapolis, Indiana  46204
Tel: (317) 203-5599
Fax: (888) 815-5641
adams@publicinterestlegal.org
kphillips@publicinterestlegal.org

H. Christopher Coates*
LAW OFFICE of H. CHRISTOPHER COATES
934 Compass Point
Charleston, South Carolina 29412
Tel: (843) 609-7080
curriecoates@gmail.com

Eric Wiesehan

24

Wiesehan Law Firm, PLLC
P.O. Box 720938
McAllen, Texas 78504
Tel: (956) 207-2795
Fax: (866) 311-5445
wiesehanlaw@gmail.com

*  *Admitted Pro Hac Vice*

## VERIFICATION

Commonwealth of Virginia

City/County of _Alexandria_

Before me, the undersigned Notary Public, on this day personally appeared Susan
Carleson, who being first duly sworn on oath deposes and says that she has read the foregoing
Responses to Defendant Montalvo's First Set of Interrogatories, that she has personal knowledge
of the facts stated in said Responses, and that they are true and correct.

Susan Carleson

SUBSCRIBED AND SWORN TO before me the undersigned Notary Public on this

_05_ day of December, 2016

Notary Public, In and For the Commonwealth of Virginia

My Commission expires:

30 JUN 2020
#6789198

MATTHEW J. EASTMAN
Notary Public
COMMONWEALTH OF VIRGINIA
My Comm. Expires 30 June, 2020
#7689198

26

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2016, I served the foregoing on counsel of record

below by electronic mail and U.S. Mail addressed as follows:

James P Allison
Eric Magee
Phillip L Ledbetter
Allison Bass LLP
402 W 12th St
Austin, TX 78701
j.allison@allison-bass.com
e.magee@allison-bass.com
p.ledbetter@allison-bass.com
*Counsel for Defendant Montalvo*

Adam N. Bitter
Michael R. Abrams
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
adam.bitter@oag.texas.gov
michael.abrams@oag.texas.gov
*Counsel for Defendant Cascos*

Kaylan L. Phillips
kphillips@publicinterestlegal.org
*Counsel for Plaintiff ACRU*

27