# EXHIBIT

# C

# The American Civil Rights Union

*"Protecting the civil rights of all Americans."*
www.theacru.org

### Founder
Hon. Robert B. Carleson
(1931-2006)

### Policy Board
Hon. Edwin Meese III
Hon. William Bradford Reynolds
Amb. Curtin Winsor, Jr.
Dr. Walter E. Williams
Hon. Charles J. Cooper
Hon. J. Kenneth Blackwell
J. Christian Adams
Hans von Spakovsky
Christopher Coates

### Members Emeritus
Hon. Linda L. Chavez
Hon. Kenneth Y. Tomlinson
Judge Robert H. Bork
Dean Kenneth W. Starr
Dean J. Clayburn LaForce, Jr.
Dr. James Q. Wilson

### Board of Directors
Susan A. Carleson
Chairman
Hon. Edwin Meese III
Wendy Borcherdt LeRoy
Morton C. Blackwell
David A. Leedom

Susan A. Carleson
President

Christopher Coates
General Counsel

December 23, 2015

VIA FEDERAL EXPRESS

Rafael Rodolfo Montalvo
Elections Administrator
Starr County
100 N. FM 3167
Ste. 206
Rio Grande City TX 78582

Dear Mr. Montalvo:

I am writing on behalf of the American Civil Rights Union (ACRU) to notify you that your county is in apparent violation of Section 8 of the National Voter Registration Act based on our research.

The ACRU is a nonpartisan, nonprofit organization dedicated to protecting the civil rights of all Americans by publicly advancing a Constitutional understanding of our essential rights and freedoms. As part of that mission, we work to improve the integrity of American elections by promoting and protecting the rights of legally qualified voters regardless of political party.

Voter rolls across America have been discovered that contain substantial numbers of ineligible voters, resulting in the possible disenfranchisement of legally eligible voters via ballot dilution that threatens to subvert the nation's electoral process.

Based on our comparison of publicly available information published by the U.S. Census Bureau and the federal Election Assistance Commission, your county is failing to comply with Section 8 of the NVRA. Federal law requires election officials to conduct a reasonable effort to maintain voter registration lists free of dead voters, ineligible voters and voters who have moved away. *See* 52 U.S.C. §§ 20503 and 20507.

In short, your county has significantly more voters on the registration rolls than it has eligible living citizen voters - approximately 109 percent of eligible living citizens are registered to vote.

The Attorney General of the United States may enforce the list maintenance requirements of Section 8 of NVRA to ensure that ineligible voters are not participating in the political process, but he has failed to do so. The ACRU has therefore taken on the task of notifying you of your county's violation.

This letter serves as the statutory notice to your county, as required by 52 U.S.C. § 20510(b), prior to the commencement of any lawsuit in order to enforce provisions of Section 8 of the National Voter Registration Act 52 U.S.C. § 20507.

It is our hope that your county will work quickly towards full compliance with 52 U.S.C. § 20507. If not, according to the federal statute, a lawsuit under the NVRA may be filed twenty (20) days after the receipt of this notice by a private party since the NVRA contains a private right of action to enforce the provisions of the statute. For any lawsuits initiated by a private party, an award of attorney's fees, expenses and costs incurred are available under 52 U.S.C. §20510(c).

If you believe the information reported by the Election Assistance Commission (EAC) for 2014 or to the Secretary of State currently is inaccurate, please state the basis for that belief. In particular, if the publicly available information cited above is no longer accurate, it would be helpful if you could provide:

(a) up-dated registration data since the publication of the 2015 EAC report;

(b) records obtained from Texas's district court clerks, United States District Court clerks or other sources regarding individuals who were ineligible to serve on juries because of a lack of American citizenship;

(c) the number of ineligible voters purged by category (e.g., dead, duplicate, ineligible) and by date;

(d) the source agency that provided the identifying information of the purged deceased;

(e) the date of the deceased data, meaning how fresh the deceased data was that was provided by third-party agencies;

(f) the number of notices sent to inactive voters since the publication of the EAC report including the date, scope and contents of any countywide mailing to all registered voters;

(g) the names of the staff in your office responsible for conducting list maintenance obligations;

(h) the number of ineligible voters removed for criminal conviction, if applicable, and the date of the most recent dataset containing criminal convictions against which you compared voter lists, including communications with other agencies regarding criminal convictions;

(i) the total number of voters registered in your county as of the date of your response;

(j) any records indicating the use of citizenship or immigration status for list maintenance activities, including but not limited to the SAVE database; and

(k) all list maintenance records including federal voter registration forms containing citizenship eligibility questionnaires.

Section 8 also requires your county office to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i). *See also, Project Vote v. Long*, Slip Op. 11-1809 (4th Cir. June 12, 2012) (NVRA requires local election officials to provide voter registration data to the public).

We would like to visit and meet with your office to discuss the possibility of implementing a plan which would cure what appears to be a violation of Section 8 of the NVRA.

We are hopeful that full compliance with our request will make a public inspection of your county's registration data unnecessary; and we are particularly hopeful that the data contained in your response might demonstrate that reasonable voter list maintenance is currently being performed in your county. If not, we would like to inspect your registration records at a time convenient to the responsible county officials prior to January 30, 2016.

Since steps necessary to ensure that only eligible voters are on the rolls will not involve significant effort or cost, we believe it is reasonable to expect your county's voter roll violations to be resolved before voting begins for the March 1, 2016 primary election and the November 2016 general election.

Thank you for your time and attention to this matter. Please feel free to call to arrange a convenient time to discuss and arrange an inspection by contacting me at the below phone number or email.

Sincerely,

Susan A. Carleson
Chairman / CEO
American Civil Rights Union

703.566.2696
Susan.Carleson@theacru.org


CC: The Hon. Carlos Cascos
Texas Secretary of State
P.O. Box 12060
Austin, TX 78711-2060
Email: KIngram@sos.state.tx.us