**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, in its individual and corporate capacities, | ) ) ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| ELECTION ADMINISTRATOR JOHN RODRIGUEZ, in his official capacity, and TEXAS SECRETARY OF STATE ROLANDO PABLOS, in his official capacity, | ) ) ) ) ) ) ) |
| | ) |
| *Defendants*. | ) |
| _____ | ) |

Civil Action No. 7:16-cv-00103

**ACRU's RESPONSE IN OPPOSTION TO DEFENDANT SECRETARY OF STATE**
**ROLANDO PABLOS'S MOTION FOR SUMMARY JUDGEMENT**

Plaintiff American Civil Rights Union ("ACRU") hereby files this Response in

Opposition to Defendant Texas Secretary of State Rolando Pablos's Motion for Summary

Judgment. (Dkt. 104.)

**ARGUMENT**

While ACRU's Amended Complaint primarily focuses on the inspection and list

maintenance failures of Defendant Rodriguez, the Secretary of State plays an integral role in the

overall list maintenance program in Texas and thus is a proper party for purposes of affording

complete relief to ACRU. As courts have recognized, though many list maintenance duties may

be placed upon local election administrators by state law, as is the case in Texas, the Secretary

still has the obligation under the NVRA to actively oversee and direct the list maintenance

program. *United States v. Missouri*, 535 F.3d 844, 849-851 (8th Cir. 2008).

A.      **Defendant Pablos Should Not Be Dismissed, Even Without a Claim that He Has Directly Violated the NVRA, Because of the Inherent Connection Between the Roles of the Defendants.**

Defendant Pablos argues that he should be dismissed as a matter of law because ACRU has not asserted any claims for failure to conduct list maintenance against him. (Dkt. 104 at 5.) This was the same argument brought by Defendant Pablos when ACRU successfully joined him as a Defendant under Federal Rules of Civil Procedure 19 and 20. (Dkt. 55.) Defendant Pablos does not present any undisputed evidence or facts indicating that anything has changed since his motion to dismiss was denied. If it would be correct for the Secretary to be dismissed at this point in the litigation, it would have been incorrect for him to be added in the first place.

But, since the requirements of Rule 19 and 20 were satisfied, Defendant Pablos is a proper party, whether or not ACRU claims he has violated the NVRA. As alleged in its First Amended Complaint, the Secretary in his official capacity is the "designated State officer for the State of Texas concerning coordination [of] supervisory duties and responsibilities under the NVRA and is named for purposes" of facilitating the obtainment of "complete relief against Defendant [Rodriguez]" (Dkt. 49 at 12.) Further, under Texas law, the Secretary is required to "monitor each [local] registrar for substantial compliance" with various portions of the Election Code that pertain to the maintenance of voter registration lists. Tex. Elec. Code § 18.065(a).

The relief sought by ACRU explicitly contemplates directing the Secretary to carry out coordination and supervisory actions to ensure reasonable list maintenance is taking place in Starr County. (Dkt. 49 at 13.) Defendant Pablos is needed as a party to afford complete relief because of his supervisory role in Texas's list maintenance program. The Secretary is charged with leading, overseeing, and coordinating the list maintenance efforts assigned to the local election administrators. *Missouri*, 535 F.3d at 849-851. In this position, there are many remedies

2

involving the Secretary that would be effective in solving the problems in Starr County. He could

be directed to implement training programs for election administrators. The Secretary has

expressed that he believes Defendant Rodriguez is not familiar with his list maintenance

obligations. A representative of the Secretary expressed concerns regarding Defendant

Rodriguez's compliance with his obligations. (Deposition of Brian Ingram, 90:17-91-9. Attached

as Exhibit 1.) These are just a few examples of the redressability and complete relief that would

result from, and thus require, the inclusion of the Secretary in this litigation.

The roles of both Defendants are interconnected regarding list maintenance obligations

and duties under the NVRA. Therefore, there duties are "arising out of the same transaction,

occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Here, there is a

substantial connection and logical relationship between the list maintenance duties of the

Secretary and those of Defendant Rodriguez pertaining to liability and redressability for the

inadequate list maintenance occurring in Starr County, which has resulted in inaccurate and

bloated voter rolls. Indeed, whatever relief is afforded will need to be coordinated with the

Secretary in light of the Secretary's oversight and leadership role.

**B.     Defendant Pablos Is Needed to Afford Remedial Relief.**

Complete relief cannot be afforded absent the Secretary. *See Hood ex rel. Mississippi v.*

*The City of Memphis*, 570 F.3d 625, 629-31 (5th Cir. 2009). Under Rule 19, a "person who is

subject to service of process and whose joinder will not deprive the court of subject-matter

jurisdiction must be joined as a party . . . if in that person's absence, the court cannot accord

complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). This is true even though

ACRU has not asserted any claims against the Secretary for particular violations of the NVRA

on his part. In *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977), the

3

federal government sued a union and a defendant-employer under Title VII of the Civil Rights

Act of 1964, alleging racial discrimination. *Teamsters*, 431 U.S. at 328-29. The lower court ruled

that Section 703(h) of the Civil Rights Act immunized seniority systems from legal challenge

under Title VII, and therefore the "union's conduct in agreeing to and maintaining the [seniority]

system did not violate Title VII." *Id.* at 356. Accordingly, the Court vacated the injunctive relief

entered against the union, but the Court ordered that the "union will properly remain in this

litigation as a defendant so that full relief may be awarded the victims of the employer's post-Act

discrimination." *Id.* at 356 n.3. *Accord*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 399-

400 (1982) (reaffirming the holding on this point).

The Supreme Court has held that a defendant should remain in the case even when the

Court reversed a finding of liability against that defendant. In *General Building Contractors

Assoc., Inc., v. Pennsylvania*, 458 U.S. 375, 382-83 (1982), contractors, a union, and employers

had been found to have violated the prohibitions against intentional racial discrimination in Title

42 of the United States Code, Section 1981. Even though the Supreme Court reversed a finding

of liability against the contractors, the Court held that they should "be retained in the lawsuit and

even subjected to such minor and ancillary provisions of an injunctive order as the District Court

might find necessary to grant complete relief to respondents . . . ." *Id.* at 399. In the same way

here, even if no liability lies with the Secretary, due to the interconnected responsibilities

between the Defendants regarding list maintenance, it will doubtless be necessary to include

some reference or ancillary provision regarding the Secretary in any injunctive relief that

provides remedial action. The Fifth Circuit's decision in *Vieux Carre Prop. Owners, Residents &

Assocs., Inc., v. Brown*, 875 F.2d 453, 457 (5th Cir. 1989) is distinguishable because, in that

case, the plaintiff was seeking full relief from each defendant. Here, instead, the type of relief is

precisely the kind of ancillary relief expressly permitted under *Teamsters* and *General Building*

*Contractors*.

        **C.**        **The Enforcement Provision of the NVRA Expressly Requires the Chief**
                    **Election Official to Receive a Notice.**

The enforcement provision of the NVRA specifically requires that notice of a violation

must be made on the chief election official. 52 U.S.C. § 20510(a). This must be done regardless

of whether the violations in question primarily involve the duties of the chief election official or

of local election administrators. Accordingly, by the very terms of the statute, Congress

contemplated that, due to the leadership and oversight position of the chief official, it would

always be proper, though not always necessary, to include the chief official in an enforcement

action.

        **D.**        **Any Injunctive Relief Involving Defendant Pablos Would Be Within the**
                    **Court's Authority.**

Defendant Pablos is incorrect in arguing that any injunctive order against him would

necessarily be an impermissible "obey-the-law" order. (Dkt. 104 at 9.) In its Amended

Complaint, ACRU points to both federal and state law provisions governing the Secretary's

coordination and supervisory duties and responsibilities pertaining to voter list maintenance in

Starr County. (Dkt. 49 ¶¶ 18-21.) In the prayer for relief, ACRU requests injunctive relief against

the Secretary that will prohibit him from neglecting his responsibility to "help ensure that

reasonable list maintenance of the voter rolls is performed by Defendant [Rodriguez]." *Id.* It is

true that, compared with the relief sought against Defendant Rodriguez, the relief sought against

the Secretary is minor and ancillary. But it remains that, because of his intrinsic role in

overseeing the state's list maintenance program, the Secretary will be involved in whatever

remedial measures are ordered.

Fundamentally, under the Texas Election Code, the Secretary plays a vital role in ensuring that local registrars carry out their responsibilities regarding list maintenance matters. Under the NVRA, the Secretary is required to lead, coordinate, and oversee Defendant Rodriguez's list maintenance efforts. *Missouri*, 535 F.3d at 849-851. As the Supreme Court has explained in retaining jurisdiction over ancillary defendants, injunctive relief would be appropriate, and could be necessary, against the Secretary to ensure that complete relief is afforded, even if the Secretary is not found to have violated the NVRA. At the very least, there remains a genuine issue of fact regarding the relationship between the Secretary's oversight of Defendant Rodriguez's list maintenance activities and the latter's liability and any potential remedial injunctive relief afforded.

**CONCLUSION**

For the reasons stated above, Defendant Pablos's Motion for Summary Judgment should be DENIED.

Respectfully submitted,

For the Plaintiff ACRU:

Dated: April 2, 2018

<div style="margin-left:40%">

Eric Wiesehan
SBN 24084094
Southern District Bar No.: 1690807
Wiesehan Law Firm, PLLC
P.O. Box 720938
McAllen, TX 78504
Tel: (956) 207-2795
Fax: (866) 311-5445
wiesehanlaw@gmail.com

J. Christian Adams*
Public Interest Legal Foundation
300 N. Washington Street, Ste. 405

</div>

6

Alexandria, VA 22314
(317) 203-5599
adams@publicinterestlegal.org

Kenneth A. Klukowski*
American Civil Rights Union
3213 Duke Street #625
Alexandria, VA 22314
(623) 261-9249
kklukowski@theacru.org

/s/ Noel H. Johnson
Kaylan L Phillips*
Noel H. Johnson*
Public Interest Legal Foundation
32 E. Washington Street
Suite 1675
Indianapolis, IN 46204
(317) 203-5599
kphillips@publicinterestlegal.org
njohnson@publicinterestlegal.org
*Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2018, I caused the foregoing to be filed with the

United States District Court for the Southern District of Texas via the Court's CM/ECF system,

which will serve all registered users.


Dated: April 2, 2018

<div align="right">

        /s/ Noel H. Johnson

Noel H. Johnson
Public Interest Legal Foundation
32 E. Washington Street
Suite 1675
Indianapolis, IN 46204
(317) 203-5599
njohnson@publicinterestlegal.org

</div>