IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AMERICAN CIVIL RIGHTS UNION, <br> in its individual and corporate capacities <br> *Plaintiff*, <br> <br> v. <br> <br> ELECTION ADMINISTRATOR <br> JOHN RODRIGUEZ, in his official capacity; <br> and TEXAS SECRETARY OF STATE <br> ROLANDO PABLOS, in his official capacity, <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 7:16-cv-00103 |

**DEFENDANT RODRIGUEZ'S MOTION FOR LEAVE
TO FILE SECOND MOTION TO DISMISS**

Defendant John Rodriguez files this Motion for Leave to file Second Motion to Dismiss. Under the Docket Control Order entered by this Court, and subsequently modified, the deadline for all motions to be filed was March 11, 2018. Doc. 98. However, since March 11, 2018, new facts concerning egregious actions by the Plaintiff have come to the attention of counsel for Defendant Rodriguez that necessitate leave of court to file the attached Second Motion to Dismiss and further consideration by the Court. Exhibit A, Defendant Rodriguez's Second Motion to Dismiss.

On March 21, 2018, counsel for Defendant Rodriguez was informed of allegations by the Plaintiff that a former Starr County District Judge had voted after he died. By March 21, 2018, this spurious allegation had already been promulgated by Plaintiff to other persons and reported by several news organizations and websites (including the Plaintiff's own fundraising website). Due to the actions of the Plaintiff, this false statement was also provided in an open meeting in testimony before the Texas Senate Committee on Election Security by an Assistant to the Texas Attorney General on February 22, 2018. Therefore, while this information was first obtained by

Defendant Rodriguez on March 21, it had been previously published by Plaintiff and is not protected by any privilege. Tex. Civ. Prac. & Rem. Code Ann. § 154.073(c) ("An oral communication or written material used in or made a part of an alternative dispute resolution procedure is admissible or discoverable if it is admissible or discoverable independent of the procedure."). Furthermore, federal law of privilege supersedes any contrary state law. *Smith v. Smith*, 154 F.R.D. 661, 671 (N.D. Tex. 1994) (holding that there is no federal mediation privilege and that all privileges in federal cases are governed by Federal Rule of Civil Procedure 501); *see also Sharon Motor Lodge, Inc. v. Tai*, CV980077828S, 2006 WL 696320, at *11 (Conn. Super. Ct. Mar. 1, 2006) (A party should not be able to use mediation proceedings to engage in behavior that is prejudicial to the rights of other parties and then use the mediation privilege to insulate himself from liability.). Therefore, although the prior false statements by Plaintiff were first communicated to Defendant in mediation, Plaintiff cannot hide behind the confidentiality of mediation in order to object to the Second Motion to Dismiss and avoid the consequences of its defamatory statements.

Because Defendant Rodriguez did not learn of the statements cited in his Second Motion to Dismiss until after the March 11, 2018 motions deadline and because the Plaintiff has engaged in egregious conduct that requires a hearing and redress by the Court, the Court should grant this Motion for Leave to file Second Motion to Dismiss.

## **PRAYER**

Wherefore, Defendant Rodriguez prays that the Court grant his Motion for Leave to file the attached Second Motion to Dismiss, and to all other relief to which Defendant Rodriguez may be entitled.

Respectfully submitted,

/s/ Philip B. Arnold
James P. Allison
SBN: 01090000
j.allison@allison-bass.com
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Philip B. Arnold
SBN: 24044710
p.arnold@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 *telephone*
(512) 480-0902 *facsimile*
*Attorneys for Defendant*

### CERTIFICATE OF CONFERENCE

I certify that on April 2, 2018, I conferred with counsel for the Plaintiff American Civil Rights Union and Defendant Rolando Pablos, and both oppose Defendant Rodriguez's Motion for Leave to File Second Motion to Dismiss.

/s/ Philip B. Arnold
Philip B. Arnold

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the Defendant Rodriguez's Motion for Leave to File Second Motion to Dismiss was served electronically to the following on this 2nd day of April 2018:

Eric Wiesehan
Wiesehan Law Firm, PLLC
P.O. Box 72093
McAllen, Texas 78504
wiesehanlaw@gmail.com

J. Christian Adams
Public Interest Legal Foundation
300 N. Washington Street, Ste. 405
Alexandria, VA 22314
adams@publicinterestlegal.org
Kaylan L. Phillips
Noel H. Johnson
Public Interest Legal Foundation
32 E. Washington Street, Ste. 1675
Indianapolis, IN 46204
kphillips@publicinterestlegal.org
njohnson@publicinterestlegal.org

Kenneth A. Klukowski
3213 Duke Street #625
Alexandria, Virginia 22314
kklukowski@theacru.org
*Attorneys for Plaintiff ACRU*

Adam Bitter
Adam.bitter@oag.state.gov
Michael Abrams
Michael.abrams@oag.state.gov
Office of the Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
*Attorneys for Defendant Pablos,
in his official capacity as Texas Secretary of State*

                                          /s/ Philip B. Arnold
                                          Philip B. Arnold