IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| AMERICAN CIVIL RIGHTS UNION, in its individual and corporate capacities, *Plaintiff*, v. ELECTION ADMINISTRATOR JOHN RODRIGUEZ, in his official capacity, and TEXAS SECRETARY OF STATE ROLANDO PABLOS, in his official capacity, *Defendants*. | Civil Action No. 7:16-cv-00103 |

**PLAINTIFF ACRU'S SURREPLY TO**
**DEFENDANT RODRIGUEZ'S MOTION FOR SUMMUARY JUDGMENT**

It is Defendant Rodriguez's burden to show that "there is *no* genuine dispute to *any* material fact" regarding ACRU standing, Fed. R. Civ. P. 56(a) (emphasis added), and he has not done so. The violation of law on which this action is based is long-standing, having occurred well before this action was filed. For years, inadequate list maintenance practices have resulted in Starr County's registration list containing an impossible number of registrants. Defendant Rodriguez presents no evidence to counter this allegation, which is supported by expert testimony. (Dkt. 99-1.) The discovery of these failures forced ACRU to divert time and resources to attempt to counteract and remedy the list maintenance failures in Starr County, efforts that ultimately fell on deaf ears. ACRU began by providing written notice to Defendant Rodriguez that his county was in violation of the NVRA's list maintenance obligations and asked to inspect all records related to his list maintenance program. (Aff. of Carleson (Exhibit 1) ¶¶ 10-13; Dkt.

49 at 15-18.) Then-Defendant Montalvo denied the allegations, (Exhibit 1 at ¶ 15; Deposition of Carleson (Exhibit 2) at 63:1-4), and did not offer to provide the requested documents or clarify the document requests, (Exhibit 1 ¶ 15; Exhibit 2 at 62:19-22). Defendant Rodriguez does not contest that ACRU attempted to remedy his NVRA violation through written notice. (Dkt. 115 at 2.) Nor does Defendant Rodriguez present evidence showing he remedied or agreed to remedy the violations alleged by ACRU.

ACRU expended additional resources taking out a newspaper ad in a local paper in an effort to raise public awareness and urge Starr County residents to contact election officials and encourage remedial action. (Exhibit 1 ¶ 14; Exhibit 2 at 31:15-18.) Defendant Rodriguez does not contest these facts.

ACRU incurred additional expenses to send a representative to Starr County, who met with Defendant Rodriguez and his predecessor in order to discuss a remedial plan to fix the problems with Starr County's inflated registration lists. (Exhibit 1 ¶¶ 16-20.) In total, ACRU diverted over $7,000 attempting to clean up the registration rolls in Starr County. (Exhibit 1 ¶ 21.) Defendant Rodriguez either does not contest these facts or does not present undisputed evidence to the contrary.[1] The testimony concerning the meeting between ACRU and Defendant Rodriguez shows that the relevant facts are genuinely in dispute:

---

[1] In his reply memorandum, Defendant Rodriguez cites to his own affidavit to support factual assertions about the meeting between himself, his predecessor, and ACRU representative John Mashburn, including the assertion that "Mashburn stat[ed] that there were no problems found and no issues to resolve." (Dkt. 115 at 2.) Defendant Rodriguez's affidavit contains no facts to support this claim or any other facts concerning his non-response to the list maintenance problems identified in ACRU's notice letter. Defendant Rodriguez cannot establish his entitlement to summary judgment through such unsupported statements. Fed. R. Civ. P. 56(c)(1)(A) (a party seeking summary judgment "must support [an] assertion by . . . citing to particular parts of materials in the records").

> Q.  Do you remember what Mr. Mashburn told you on the telephone about his conversation with Mr. Montalvo?
>
> A.  Yes, that there was no cooperation forthcoming . . . .
>
> Q.  What did Mr. Montalvo say when he called you?
>
> A.  He said that he didn't think that we were correct in our assessment of his voter rolls.

(Exhibit 2 at 59:16-20; 63:1-4; Exhibit 1 ¶¶ 15, 19.)[2,3]

At no time before or after these efforts occurred did Defendant Rodriguez remedy or agree to remedy the violations alleged by ACRU. In fact, Defendant Rodriguez testified under oath in this action that he has taken no corrective action to address the problems of previous administrations on which this action is largely based. (Dkt. 112-1 at 31:15-22; 240:22-241:2.)

The evidence in the record shows that ACRU has "expended definite resources counteracting the effects" of Defendant Rodriguez's list maintenance failures. *Ass'n of Cmty. Orgs. for Reform Now v. Fowler*, 178 F.3d 350, 360 (5th Cir. 1999) ("*ACORN*"). ACRU's organizational mission of promoting clean voter rolls has been impaired as a result. *Judicial Watch, Inc. v. King*, 993 F. Supp. 2d 919, 925 (S.D. Ind. 2012) ("[I]f True the Vote's ability to carry out its mission of cleaning up voter registration rolls has been 'perceptibly impaired' by the Defendants' alleged statutory violation, True the Vote has suffered injury."). As the Supreme Court has recognized, "Such concrete and demonstrable injury to the organization's activities—with the consequent drain on the organization's resources—constitutes far more than simply a

---

[2] A party may rely on deposition testimony to contest a summary judgment motion. Fed. R. Civ. P. 56(c)(1)(A).

[3] Defendant Rodriguez claims that because Susan Carleson was not present at the meeting between Mr. Mashburn and Defendant Rodriguez, "her testimony on this issue is hearsay." (Dkt. 115 at 5.) That is not correct. Ms. Carleson appeared for a Rule 30(b)(6) deposition as a "corporate representative" of ACRU (*see* Exhibit 3) and therefore her testimony is that of the ACRU as a corporation, which has first-hand knowledge of the activities of Mr. Mashburn.

setback to the organization's abstract social interests." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982); *see also ACORN*, 178 F.3d at 361 ("This summary judgment evidence is sufficient to raise a genuine issue of material fact that ACORN has expended resources counteracting one of the areas in which ACORN alleges that the appellees fail to implement the NVRA.").

Importantly, ACRU also brought this action on behalf of its members and supporters in Starr County and in Texas. (Dkt. 49 ¶¶ 4-10.) It has been established by admissible evidence that ACRU has members and supporters in Texas, in Starr County, and in the state legislative district that includes Starr County. (Exhibit 1 ¶¶ 5-6; Dkt. 30-1.) As ACRU addressed in its responsive brief, courts have routinely found representational standing (or factual disputes about the same) when groups have brought actions under Section 8 of the NVRA on behalf of their members. *E.g.*, *Common Cause, et al, v. Buescher*, 750 F. Supp. 2d 1259, 1271-72 (D. Colo. 2010); *Judicial Watch*, 993 F. Supp. at 924; *Bellitto v. Snipes*, 221 F. Supp. 3d 1354 (S.D. Fla. 2016) (intervention by an association on behalf of its members); *Ass'n of Cmty. Organizations for Reform Now v. Fowler*, 178 F.3d 350, 365 (5th Cir. 1999). Defendant Rodriguez does not address this aspect of standing and therefore cannot be entitled to summary judgment on Count I.

Defendant Rodriguez also does not contest that ACRU provided him an opportunity to cure the violation in accordance with the NVRA's statutory waiting period before filings suit. Where no curative action occurs within 20 days after notice of the violation is given, the NVRA permits an aggrieved party to file suit, when the violation occurs within 120 days of a primary. 52 U.S.C. § 20510(b). "The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . ." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). The NVRA creates legal rights which were invaded by

4

Defendant Rodriguez's long-standing violation of the NVRA's list maintenance provisions. Those violations were not cured and ACRU therefore has standing to pursue its claims.

It is Defendant Rodriguez's burden to show that there is *no* dispute about the facts relevant to ACRU's standing. He has not done so. In fact, he has effectively failed to contest any of material facts relevant to ACRU's standing. Defendant Rodriguez has maintained all along that his office has *no obligation whatsoever* to comply with the NVRA. (*See* Dkt. 108-1 ("the NVRA only applies to the Texas Secretary of State, not local elections officials").) ACRU has been injured and continues to be injured by Defendant Rodriguez's refusal to comply with the NVRA. His request for summary judgment should be accordingly denied.

The record reveals further factual disputes regarding Count II that likewise preclude summary judgment. ACRU's notice letter sought the opportunity to inspect *all* list maintenance records under 52 U.S.C. § 20507(i). (Exhibit 1 ¶ 12; Dkt. 49 at 16.) Even assuming, *arguendo*, that Defendant Rodriguez did in fact offer to provide some documents to Mr. Mashburn during his visit, it is far from undisputed that Defendant Rodriguez complied with his obligation to permit inspection of *all* list maintenance records. As Defendant Rodriguez concedes in his motion, during the course of discovery, thousands of additional list-maintenance documents were provided to ACRU's counsel for review. (Dkt. 105-1 at 3.) Defendant Rodriguez does not allege he made those documents available for Mr. Mashburn. In fact, in his sworn affidavit, Defendant Rodriguez concedes the records he allegedly made available were limited to a single binder.[4] (*Id.* at 2.) There is thus a genuine issue of material fact whether Defendant Rodriguez satisfied the

---

[4] Defendant Rodriguez claims to have attached these records to his affidavit. (Dkt. 105-1, TAB C, at 2). However, Plaintiff can find no such attachment and it does not appear Defendant Rodriguez has ever provided these allegedly offered documents with any of his moving papers. This allegation should therefore be treated as unsupported by the record. *See* Fed. R. Civ. P. 56(c)(1)(A).

obligation to allow a public inspection of all requested documents before the filing of the lawsuit. Defendant Rodriguez therefore cannot establish the absence of a genuine dispute regarding Count II.

*Bellitto v. Snipes*, 268 F. Supp. 3d 1328 (S.D. Fla. 2017), does not control in this federal district and should not be followed because it is both factually distinguishable and does not account for the purpose behind the NVRA's notice provision. It is undisputed that the ACRU provided notice to Defendant Rodriguez that the ACRU wished to inspect his list maintenance records. The purpose of the NVRA's notice provision is to allow time to comply with the NVRA. *Condon v. Reno*, 913 F. Supp. 946, 960 (D.S.C. 1995). Defendant Rodriguez was given full opportunity to provide for inspection of all list maintenance records. He admits he did not do so, but instead claims to have provided a single binder of documents to Mr. Mashburn. Even if his claim is to be believed, it does not establish compliance with the NVRA. At all times following Mr. Mashburn's visit, Defendant Rodriguez was on notice that he did not comply with the request to inspect all records, and when his noncompliance was not cured, a ripe action existed under the NVRA. 52 U.S.C. § 20510(b).

Defendant Rodriguez's contention that the decision in *Bellitto* warrants summary judgment on all claims against ACRU is unfounded. *Bellitto* denied summary judgment to the defendant, a local voter registrar, *Bellitto v. Snipes*, No. 16-cv-61474-BLOOM/Valle, 2017 U.S. Dist. LEXIS 107355 (S.D. Fla. July 11, 2017), and proceeded to a five-day trial, during which the court took evidence and heard testimony. If anything can be gleaned from *Bellitto*—which does not control in this district—it is that resolution of NVRA cases are fact-specific and require trial presentation to resolve disputed facts. Even under the legal standard in *Bellitto*, a factual dispute exists whether the Defendant Rodriguez is liable under the NVRA.

For these reasons, Defendant Rodriguez cannot establish "there is *no* genuine dispute to *any* material fact," Fed. R. Civ. P. 56(a) (emphasis added), with respect to either Count I or Count II, and summary judgment should be accordingly denied.

Dated: April 13, 2018

        Respectfully submitted,

        Eric Wiesehan SBN 24084094
        Southern District Bar No.: 1690807
        Wiesehan Law Firm, PLLC
        P.O. Box 720938
        McAllen, TX 78504
        Tel: (956) 207-2795
        Fax: (866) 311-5445
        wiesehanlaw@gmail.com

        J. Christian Adams*
        Public Interest Legal Foundation
        300 N. Washington Street, Ste. 405
        Alexandria, VA 22314
        (317) 203-5599
        adams@publicinterestlegal.org

        Kenneth A. Klukowski*
        American Civil Rights Union
        3213 Duke Street #625
        Alexandria, VA 22314
        (623) 261-9249
        kklukowski@theacru.org

        /s/ Noel H. Johnson
        Kaylan L Phillips*
        Noel H. Johnson*
        Public Interest Legal Foundation
        32 E. Washington Street
        Suite 1675
        Indianapolis, IN 46204
        (317) 203-5599
        kphillips@publicinterestlegal.org

njohnson@publicinterestlegal.org
*Admitted Pro Hac Vice*
*Attorneys for Plaintiff ACRU*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 13, 2018, I caused the foregoing to be filed with the United States District Court for the Southern District of Texas via the Court's CM/ECF system, which will serve all registered users.

Dated: April 13, 2018

                                      /s/ Noel H. Johnson  
                                      Noel H. Johnson  
                                      Public Interest Legal Foundation  
                                      32 E. Washington Street  
                                      Suite 1675  
                                      Indianapolis, IN 46204  
                                      (317) 203-5599  
                                      njohnson@publicinterestlegal.org